### HARRY SHEPARD V. THE STATE.

*No. 931.   Decided December 12.*

Assault with Intent to Rape—Evidence Corroborative of Prosecutrix—Fact Case.—See facts summed up in the opinion, upon which it is *Held*, that the testimony of the prosecutrix is sufficiently corroborated, and the evidence sufficient to warrant and support a conviction for assault with intent to rape.

APPEAL from the District Court of Young. Tried below before Hon. GEORGE E. MILLER.

This appeal is from a conviction for assault with intent to commit rape, the punishment being a term of five years in the penitentiary.

The indictment was for rape; the conviction for assault with intent to rape. The alleged injured female was the daughter of defendant.

The opinion sufficiently summarizes the evidence, and a further statement is unnecessary.

*Johnson & Aikin,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was charged by indictment with an assault to commit rape upon his daughter, who was 16 years old at that time. The trial resulted in a conviction, and the penalty assessed at five years in the penitentiary. Judgment and sentence accordingly, from which this appeal is prosecuted.

Upon the trial, Emma Shepard, the daughter, upon whom the assaults were made by appellant, testified, giving in detail the number of times she was assaulted, and the manner in which they were committed. She further testifies, that after the first assault had been committed she went back into the kitchen, and, crying, told her brother Dink that her father had assaulted her, etc.; that she made no outcry; also that she told her mother of the affair, and that appellant denied it, and whipped her severely with a razor strap. The second assault she says was committed in a corncrib. Her mother was at a neighbor's, 100 yards from the place. That her brother Dink and sister Tiney were in the house. Upon this occasion she made no outcry, nor did she offer any further resistance than was necessary to prevent penetration. At that time she did not tell any one of the assault.

She further testified, that the third attempt was made in the night-time, while she was asleep on a pallet with her brother, in the same room occupied by her father and mother; that without giving any alarm she ran out of the house, pursued by appellant, and was again assaulted, but that penetration was not effected. She testifies, that her father, the appellant, had threatened to murder her if she refused to submit to his demands, or if she told any one of the affair, and that it was from fear that she did not tell her mother, and that she was afraid that appellant would kill her if she refused to submit to his assaults any further than she did; that when she ran out of the house, appellant caught her and choked her, and made her go around by the kitchen, where, under threats of murdering her, he again assaulted her, though he did not penetrate. The fourth assault was made in the house occupied by the family, during the absence of the mother and children. He took her on the bed, and, she protesting, though making no outcry, he assaulted and penetrated her. She caught hold of the side of the bed, and pulled out from under him. That she did not tell her mother of this, because she was afraid of appellant, and did not want to cause any trouble in the family. There is no conflict in the testimony about the time and manner in which these different assaults were committed, but there is a conflict in regard to the witness making the complaints to her mother, brother, and sister, for they go upon the stand and testify, that she did not tell them that she had at any time been assaulted. Thus far there is a doubt of appellant's guilt, but taking into consideration the testimony of the sheriff who made the arrest, finding defendant secreted under bushes, some distance from the house, his inquiry with reference to what it took to constitute the offense of rape, and his remarks after being warned by the officer that anything he might say could be used in evidence against him, we are constrained to believe that her testimony is strongly corroborated. The court and jury before whom this case was tried had every opportunity of judging of the credibility of each and every witness, of the manner in which they testified, and we do not feel called upon to disturb the verdict and judgment.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.