## GUS JACKSON v. THE STATE.

### No. 3483.    Decided January 24, 1906.

**1.—Burglary—Evidence—Confession.**

Where upon a trial for burglary, there was nothing in the attending circumstances which would exclude defendant's confession unless it was the statement of the officer to whom it was made, that at the time, from the way defendant was complaining he would be dead in an hour, and that this condition so operated on the mind of defendant as to render his confession involuntary; and it appeared that the same confession was made to another witness and this without objection, there was no error in admitting the same, as presented under the bill of exceptions.

**2.—Same—Sufficiency of Evidence—Want of Consent.**

Where upon a trial for burglary, the evidence was certain as to the breaking into the house and taking therefrom a lot of whisky, which was afterwards located in a house which appellant entered for the purpose of taking it away, and when approached by the officer fled; and which taken together with his confession sufficiently connected him with the burglary; the want of consent of the owner being accounted for by his death, the same was sufficiently proven to sustain the conviction.

**3.—Same—Postponement—Absent Witness.**

Where upon a trial for burglary, it appeared from the record that one of defendant's witnesses could have been obtained in thirty minutes or less time, and there seemed to have been no further effort to obtain the witness than an agreement to phone for him, defendant's counsel having agreed in the meantime to proceed with the argument, which continued for an hour and a half or two hours, there was no merit in defendant's bill of exception of failure of the court to postpone the trial for said witness.

**4.—Same—Argument of Counsel—Reply—Restrictions on Argument.**

Upon a trial for burglary where defendant's counsel in his argument attacked the efficiency of the officers, there was no reversible error in the fact that the prosecuting attorney in his reply defended said officers. See opinion, however, criticising practice of counsel to travel outside of the record.

**5.—Same—Charge of Court—Night-Time Burglary—Application of Law.**

While it is always the better and safer practice in submitting the law of the case to apply it directly to the facts and to omit all portions of the statutes which are not embraced in the indictment; yet, where the court instructed the law as to a night-time burglary as charged in the indictment when it applied the law to the facts and confined the jury thereto, there was no reversible

error that in another portion of the general charge the court gave the general statutory definition of burglary, which includes daytime burglary.

**6.—Same—Charge of Court—Circumstantial Evidence—Want of Consent—Death of Alleged Owner.**

Where upon trial for burglary, the State had to rely upon circumstantial evidence to prove want of consent of the alleged owner because of his death subsequent to the burglary and prior to the trial, there was no error in the court's charge that the want of consent, like any other fact in the case, may be established by circumstantial evidence or otherwise.

Appeal from the Criminal District Court of Dallas. Tried below before Hon. E. B. Muse.

Appeal from a conviction of burglary; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*W. T. Conner,* for appellant.—On question of warning and confession, Gay v. State, 2 Texas Crim. App., 127; Haynie v. State, id., 168. On question of want of consent, Garcia v. State, 26 Texas, 209; Jones v. State, 8 Texas Crim. App., 648. On question of charge of court, Tooney v. State, 5 Texas Crim. App., 163; Ferguson v. State, 4 id., 156.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for a nighttime burglary, the punishment being fixed at ten years confinement in the penitentiary. Objection was urged to the introduction of appellant's confession made to Brice, night captain of police. When appellant was arrested, a wound was found upon his back. There is some question in regard to this wound, whether it was inflicted by a bullet or cut by broken glass. The officer took appellant into a room at the city hall, and warned him that any statement he might make would be used as evidence against him but could not be used for him; that he then asked appellant who was with him when he burglarized the house, and he said "nobody; that he was by himself." The officer then said, "Boy, you could not carry all of that stuff yourself." Defendant replied, "I made two trips." The court says this testimony was admitted without objection, and so went to the jury; but after the State rested its case, motion was made to exclude it, which was overruled. The bill further recites that appellant had a split on his back an inch long, which the officer said he did not think was serious, although appellant was complaining very much and all the time about it. It is further stated in the bill, that the officer stated that he said to defendant that from the way he was complaining he (officer) thought appellant would be dead in an hour. That under these circumstances this confession was admitted. It was further shown, however, that the wound was not serious. Appellant cites us to Gay v. State, 2 Texas Crim. App., 127; Haney v. State, 2 Texas Crim. App., 168. We do not believe either of these cases are in

point. There is no question of the fact that appellant was under arrest at the time the statements were made, nor is there any question of the fact that he was properly warned. The statute provides that the confession may be used in evidence, if it appear that the same was freely made without compulsion or persuasion under the rules prescribed in article 790. That article provides that such confession shall not be used if at the time of making the confession the party was under arrest or in custody, unless voluntarily made after being cautioned that it could be used against him, etc. There is nothing in this confession or the attendant circumstances which would exclude it, unless the statement of the officer to the effect that he would be dead in an hour, so operated upon the mind of appellant as to render the confession incompetent. Practically the same confession was made to another witness, and this without objection. We do not believe the statement of the officer to the defendant that from the way he was complaining, he would be dead in a hour, operated to show that the confession was not properly admissible. There was no hope of escaping punishment or inducement held out to appellant to make a statement. If this had been made to appear the confession would have been inadmissible. We are of opinion that as the bill presents the matter there was no error in permitting the statement through the witness to go to the jury.

It is contended that the court should have charged the jury that the evidence was not sufficient to sustain the conviction. We do not agree with this contention. The evidence is certain and positive as to the breaking into the house and taking therefrom a lot of whisky. Subsequent to the burglary the stolen property was located in a house which was watched by the officers. Appellant approached and entered the house, for the purpose of taking the goods away. When the officers approached him in the house he fled, but was finally captured. His confession is sufficient to connect him with the burglary, taking the confession with the other facts stated. The only other question bearing upon this phase of the case was the failure of the State to prove positively the want of consent of the alleged owner. This is accounted for by the fact that the alleged owner died before the case came to trial. We think the circumstances sufficiently show a want of consent of the owner.

Appellant filed a bill of exceptions to the failure of the court to postpone the trial until his witness Dr. Johnson could be brought into court. This bill is qualified by the court to the effect that he knew nothing of an agreement between defendant's counsel and the sheriff and the doctor, if any such agreement was made; that the court waited for the "phoning process for the doctor, which took place in another part of the courthouse building; and then counsel for defendant agreed to proceed with the argument of the case, and that the doctor could be put on the stand at any time before the argument was concluded. The case was argued pro and con at length, no limit being placed on

the argument. ... The doctor never came; probably an hour and a half or two hours having elapsed. The doctor was to be at the drugstore, across the street from the courthouse when the case was being tried, and had agreed to be present or at the drugstore in case his testimony was needed." The motion was based upon the statement that the physician could be obtained in thirty minutes or less time. Under this statement there was no error shown by the bill of exceptions. If as stated the witness could have been obtained in thirty minutes or less time, there seems to have been no further effort than the phoning process mentioned by the court, and the argument continued for an hour and a half or two hours, and no further attempt seems to have been made to secure the attendance of this witness.

As explained by the court the next bill of exceptions, which was reserved to the argument of the county attorney, shows no error. An attack had been made upon the officers by the defendant's counsel, to the effect that they showed great diligence in arresting parties who burglarized saloons; and that they were never able to catch any other character of burglars. Replying to this, the county attorney said in substance that no set of officers were more diligent in the discharge of their duty than the police force of the city of Dallas, and an examination of the docket then in front of the judge would show that they had discharged their duty in arresting burglars that were in no way connected with saloons, and that their conduct in this regard would be astonishing. Under the decisions this could not constitute such error as would authorize a reversal of the judgment. The attack was made by appellant's counsel upon these officers, and this was a reply. We desire to say here, however, that counsel for either the State or defendant should avoid going outside the record in their arguments and placing before the jury matters not testified by witnesses or not made a part of the case. We desire to express the hope that trial courts will restrain this character of argument. It is not necessary and ought not to be permitted. Counsel upon either side should not permit themselves to be so carried away in their zeal as to forget the fact that the case is to be tried, prosecuted and defended, upon the record, and not upon extraneous matters.

The court inserted in the charge the general statutory definition of burglary. Exception was reserved to this in motion for new trial, because it did not limit the entry to one at night, as charged in the indictment, and permitted the jury to find the burglary may have been committed in the daytime. While that part of the statute with reference to a daytime burglary was unnecessary and should not have been stated even in the general definition, it does not amount to such error as would authorize the reversal of this judgment. This burglary was committed at night. When the court applied the law to the facts, he confined the jury to the offense as charged, to wit: a burglary at night. It is always the better and safer plan in submitting the law of the case to apply it directly to the facts, omitting all portions of

the statute which are not embraced in the indictment. As given in this case, there was no such error as requires a reversal.

Nor was there any error in the court charging the jury that the want of consent, like any other fact in the case, may be established by circumstantial evidence "or otherwise." The State had to rely upon circumstantial evidence to prove a want of consent of the alleged owner, because of his death subsequent to the burglary and prior to the trial. Wherever direct or positive evidence cannot be obtained to show the want of consent, resort to circumstantial evidence can be had. Here the State was under the necessity, by reason of the death of the alleged owner, to prove his want of consent by circumstances; and where this is the case, it may not be error for the court to charge the jury that such want of consent may be proved by circumstances. Such charge is not, as contended by appellant, on the weight of evidence. It simply informs the jury of the fact that the want of consent may be so established. It does not point out any circumstance or fact or combination of circumstances or facts, by which such want of consent may be proved. It simply states the law to be that under such a state of case the want of consent may be thus established. As the case is presented by this record, we are of opinion there was no such error on the trial as authorizes a reversal; and the judgment is therefore affirmed.

*Affirmed.*