Matilde Moreno v. The State.

No. 3768. Decided November 17, 1915.

**1.—Carrying Pistol—Information—Date of Filing—Date of Offense.**

Where, upon trial of unlawfully carrying a pistol, the alleged date of the offense and the filing of the information showed that the date alleged when the offense was committed is anterior to the filing of the information, there was no error in overruling a motion in arrest of judgment. Following Wilson v. State, 15 Texas Crim. App., 150, and other cases.

**2.—Same—Information—Venue—Then and There.**

Where the information alleged that the county attorney, alleging the county and the date, presented in the County Court, etc., the words "then and there" relate back to the allegation of venue, and there was no error on this ground. Following Moreno v. State, 64 Texas Crim. Rep., 660, and other cases.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence was sufficient to sustain the verdict, there was no reversible error.

**4.—Same—Practice—Date of Offense—Former Conviction.**

In the absence of any objection to the introduction of testimony, that defendant carried a pistol on two different dates, the defendant could not take advantage thereof after verdict; besides, in the event of another prosecution, this judgment could be pleaded in bar

**5.—Same—Statement of Facts—Practice on Appeal.**

In the absence of a statement of facts, other questions raised can not be reviewed on appeal.

Appeal from the County Court of Wise. Tried below before the Hon. J. W. Walker.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Spencer & Shults* and *H. E. Lobdell,* for appellant.—On question of insufficiency of information: Orr v. State, 25 Texas Crim. App., 453; Morris v. State, 13 id., 65; White v. State, 1 id., 211.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited cases in the opinion.

HARPER, Judge.—Appellant was convicted under the following information: "In the name and by the authority of the State of Texas, M. W. Burch, County Attorney of the County of Wise, State aforesaid, in behalf of said State, presents in the County Court of said county, at the April Term, 1915, of said court, that Matilde Moreno, on or about the first day of April, A. D. 1915, did then and there unlawfully carry on and about his person, a pistol, against the peace and dignity of the State."

After verdict, and after his amended motion for a new trial, appellant filed a motion in arrest of judgment on the grounds: (1) That the information does not allege that the offense was committed before the filing of the information; (2) that the information does not allege venue. The information shows to have been filed on April 7, 1915, and charges the offense to have been committed on April 1, 1915. April 1st is certainly anterior to April 7th. Subdivision 6 of article 466 provides: That the time of the commission of the offense be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation. It is only where the information is filed on the day the offense is alleged to have been committed that it is essential that it allege that the offense was committed prior to the filing of the information. If the date alleged and the filing of the information show that the date alleged is anterior to the filing of the information, this is in compliance with the statute. Wilson v. State, 15 Texas Crim. App., 150, and cases cited under section 343, White's Ann. Code.

As to venue, we think the words "then and there" relate back to the allegation that "M. W. Burch, County Attorney of Wise County, presents in the County Court of said county," and does allege venue. In the case of Vick v. State, 69 S. W. Rep., 156, an information in almost identical language was held to allege venue sufficiently. See also Moreno v. State, 64 Texas Crim. Rep., 660, 143 S. W. Rep., 157, and authorities cited.

In the first bill of exception it is complained that the court erred in not setting aside the verdict on account of the insufficiency of the evidence. No statement of facts accompanies the record, therefore we

can not pass on this question. However, in approving the bill the court states: "But two witnesses testified in the case, both for the State, Mary Corona and Katie Rascoe; both testified that they saw a white-handled, nickel-plated pistol in the hip pocket of defendant, in the town of Bridgeport, in Wise County, Texas, on the first day of April, A. D. 1915; that defendant came to the home of Katie Rascoe on said date, in company with Notsie Grill, who had been cut in the neck, and that defendant unwrapped a handkerchief from around the barrel of his pistol for the purpose of stanching the flow of blood from Notsie Grill's neck. Both witnesses testified to seeing defendant have the same pistol on a different occasion on or about September, A. D. 1914. No objection to the charge or exception to the evidence or ruling of the court were reserved by defendant during the trial of said cause, and the case was submitted to the jury without argument." If but two witnesses testified in the case, and they both testified to seeing appellant with a pistol on April 1, 1915, the date alleged in the information, the evidence is certainly sufficient. Appellant insists that it was fundamental error to permit the witnesses to testify that they saw appellant with a pistol on April 1, 1915, and also in September, 1914. No objection was made to the introduction of the testimony at the time it was admitted, nor at any other time until after verdict was rendered, consequently this presents no error. If the State should undertake to prosecute appellant a second time, by showing that the evidence adduced on this trial embraced both dates, the judgment could be plead in bar to a second prosecution.

As no statement of facts accompanies the record, it would be useless to discuss the other questions presented, as none of them are of a character we can review with no facts before us.

The judgment is affirmed.

*Affirmed.*