### GEORGE FREEMAN v. THE STATE.

#### No. 5478. Decided December 3, 1919.

**1.—Attempt to Commit Burglary—Private Residence—Insufficiency of the Evidence.**

Where the indictment charged the attempted entry of a private residence with intent to commit theft, and he evidence failed to show the specific intent which actuated him in attempting to enter the house, the conviction could not be sustained. Following: Sedwick v. State, 57 Texas Crim. Rep., 420, and other cases.

**2.—Same—Want of Consent.**

Where the alleged owner of the private residence in a trial for burglary was shown to be dead at the time of the trial, but circumstances were in evidence to show his want of consent, there was no reversible error on that ground. Following: Franklin v. State, 53 Texas Crim. Rep., 547, and other cases.

**3.—Same—Allegation and Proof—Rule Stated.**

Where the indictment alleged that the attempt to commit burglary in a private residence was with intent to commit the crime of theft, the same must be proved as alleged.

Appeal from the District Court of Galveston. Tried below before the Hon. H. C. Hughes, judge.

Appeal from a conviction of an attempt of burglary of a private residence; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Marsene Johnson, Elmo Johnson, Roy Johnson* and *Marsene Johnson, Jr.,* for appellant.—On question of want of consent: Franklin v. State, 53 Texas Crim. Rep., 547; Jackson v. State, 49 id., 215.

On question of intent: Moore v. State, 37 S. W. Rep., 747.

*Alvin M. Owsley,* Assistant Attorney General, *C. H. Theobald,* County Attorney, *F. Spencer Stubbs,* Assistant County Attorney, for the State.—On question of ownership and possession: Powers v. State, 72 Texas Crim. Rep., 290, 162 S. W. Rep., 832; Holmes v. State, 70 Texas Crim. Rep., 423, 157 S. W. Rep., 487; Clark v. State, 58 Texas Crim. Rep., 181, 125 S. W. Rep., 12; King v. State, 100 S. W. Rep., 387.

On question of consent: Smith v. State, 212 S. W. Rep., 660.

MORROW, Judge.—The appellant was convicted of the offense of attempting to commit burglary. The indictment charges that the attempt was made to enter the private residene of W. Rowley with the intent to commit the crime of theft. These averments were necessary and proof of them essential. Moore v. State, 37 S. W. Rep., 747; Fonville v. State, 62 S. W. Rep., 573, Enyclopedia Law and Procedure, vol. 6, p. 216, sub-div. E, note 77.

Appellant's connection with the offense was denied by him; and from the State's evidence it appeared that in a private residence belonging to W. Rowley and his two sisters, and used by them as a place of residence, appellant climbed up on the porch at night-time, and was in the act of trying to open the window screen, which was right opposite the bed of one of the ladies occupying the room, when one of the women screamed, and the appellant jumped off of the porch and ran. The brother, R. Rowley, was notified, and he called the police who arrested appellant later. W. Rowley was dead at the time of the trial, but we regard the circumstances proved as sufficient to show his want of consent. Franklin v. State, 53 Texas Crim. Rep., 547; Jackson v. State, 49 Texas Crim. Rep., 215.

The crime of burglary of a private residence is in all cases to commit a felony or the crime of theft. Penal Code, Art. 1305. In the instant case, there is no proof of the specific intent which actuated appellant in attempting to enter the house. The facts proved were sufficient to support the conclusion that he was endeavoring to enter for an unlawful purpose, but whether it was to commit the crime of theft or some felony not charged in the indictment, there is a complete absence of evidene. The appellant's place of business was in the vicinity, and he had had occasion to pass the premises and opportunity in that way to know something of the habits of the inmates. If it had been charged in the indictment that the attempt was made with the intent to commit the offense of rape, the evidence would have been quite as cogent, probably more cogent, to establish that intent than the intent to steal. The intent with which the attempt to enter made cannot be presumed without sufficient facts to support it. Sedgwick v. State, 57 Texas Crim. Rep., 420; Mitchell v. State, 33 Texas Crim. Rep., 575. In the case of Moore v. State, 37 S. W. Rep., 747, the indictment

charged the attempt to commit burglary in two counts, one with the intent to commit rape, the other with the intent to steal. From the remarks of the court in deciding the case, we quote the following:

"There certainly is no evidence in this case to indicate, even if we could concede an attempt on his part to break and enter said building, as to the purpose he had in view when he did the same. As to this purpose, in order to sustain the conviction there should be no reasonable doubt as to whether he intended one or the other of the intents charged. The evidence should establish one or the other of such intents, beyond a reasonable doubt."

Believing the evidence insufficient to sustain the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*