DAN FREEMAN v. THE STATE.

No. 5916. Decided October 27, 1920.

**Wife and Child Desertion—Complaint—Information—Venue.**

Where, upon trial of wife and child desertion, neither the complaint nor information alleged that the offense was committed in the county of the prosecution, a motion to quash should have been sustained.

Appeal from the County Court at Law, No. 2, Harrison County. Tried below before the Honorable Roy F. Campbell.

Appeal from a conviction of child and wife desertion; penalty, a fine of three hundred dollars and ninety days confinement in the county jail.

The opinion states the case.

*Wander & Williamson,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted for deserting his wife and two children, and wilfully neglecting and refusing to provide for, support and maintain them, they being each in necessitous circumstances.

The complaint and information are attacked in motion in arrest of judgment, one of the grounds being that the information fails to allege the offense to have been committed in the County of Harris. The complaint charges as follows: "I, Eula Freeman, being duly sworn, do state upon my oath that I have good reason to believe and do believe that in said County and State on the 15th day of March, A. D. 1920, Dan Freeman was lawfully married to Eula Freeman, and was the father of Virgie Freeman, a girl of the age of eleven years and Finley Freeman, a boy of the age of eight years," etc. It will be noticed that this complaint does not charge where this occurred. There is no reference in the complaint to Harris county. The only expression in the complaint with reference to it is that affiant had good reason to believe that in "said county," etc. Had the County of Harris been previously set out in the complaint, this might have been a sufficient reference, but this was not done; therefore, the complaint fails to charge that this desertion occurred in Harris County. In the information it is alleged that the Assistant Criminal District Attorney of Harris county, "presents in and to the County Court at Law of Harris County, Texas, at the April Term, A. D. 1920, of said Court, that Dan Freeman heretofore on the 15th day of March, A. D. 1920, in said County and State was lawfully married to Eula Freeman and was the father," etc., and that he "wilfully, wantonly and without justification deserted, neglected and refused to provide," etc. This does not allege the desertion occurred in Harris County. The pleadings are not sufficient as contended in the motion in arrest of judgment which will be sustained.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*