# EX PARTE JAMES ROBINSON.

No. 21602. Delivered April 9, 1941.
Rehearing Denied May 21, 1941.

The opinion states the case.

*Russel A. Bonham* and *Mary Nan Bonham,* both of Houston, for appellant.

*Dan W. Jackson,* Criminal District Attorney, and *Ed Duggan, W. H. Davidson, Jr.,* and *Tod Adams,* Assistant District Attorneys, all of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

BEAUCHAMP, Judge.

This proceeding was brought for the purpose of securing the release of relator from the jail of Harris County where he

was remanded upon a verdict of guilt for aggravated assault. Attack is made on the complaint and information, it being the contention that venue is not shown and that the judgment of the court is, therefore, void. The complaint reads, in part, as follows:

"The State of Texas,
"County of Harris:

"I, Harry G. Wood, being duly sworn do state upon my oath that I have good reason to believe and do believe that in said county and state heretofore on the 15th day of September, A. D. 1940, James Robinson did in and upon Hugh Allen make an assault.

"And the affiant aforesaid, further states upon his oath that he has good reason to believe and does believe, that in said county and State * * * * *."

This followed with allegations constituting the offense of an aggravated assault and is the count under which he was convicted. The information in the case reads, in part, as follows: "IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

"Kellis Daniel, Assistant Criminal District Attorney of Harris County, Texas, comes in behalf of the State of Texas, and presents in and to the County Court at Law No. 2, of Harris County, Texas, at the August Term, A. D. 1940 of said court, that James Robinson heretofore on the 15th day of September, A. D. 1940, in said County and State, did in and upon Hugh Allen make an assault.

"And the attorney aforesaid, further presents in and to said court, at said term, that the said James Robinson, heretofore on the 15th day of September, A. D. 1940, in said county and State * * *."

Then follows the allegations in keeping with those in the complaint, setting out an aggravated assault.

The discussion presented in behalf of the appeal attacks these allegations on the ground that there is no reference to Harris County, which is necessary to give jurisdiction to the court trying the case and which entered the judgment. Appellant contends that "said county" does not refer to Harris County, previously named, and is meaningless or, at least, is indefinite and uncertain.

We can agree with the propositions of law asserting that the allegations showing venue must be clear and certain, but we cannot agree that Freeman v. State, 224 S. W. 1087, sustains appellant in the contention that there is no previous word to which "said county" may refer. Strickland v. State, 7 Cr. Rep. 34, is our authority for this view. In the Freeman case the complaint did not bear the caption, "The State of Texas, County of Harris," as found in the instant case, but simply began, "I, Eula Freeman, being duly sworn, etc." In the second count of that complaint there was no language to even state that the offense of desertion was committed in Harris County. It only alleges that the accused was married to Eula Freeman "in said county" and was the father of the children named. Judge Davidson observed that the count under which the appellant was convicted does not allege the desertion occurred in Harris County and that, therefore, the pleadings were insufficient.

In the case before us the caption alleging the State and county is unquestionably referred to when the words of the complaint "in said county and state" are used. Again, the information is signed by Kellis Daniel, who is Assistant Criminal District Attorney of Harris County, Texas, and the words "in said county and state" could refer to none other than that county and State named previously.

Appellant makes rather a technical argument, but with considerable force, that "Harris County, Texas," is previously used as a part of a name, it being part of the name of the office which Kellis Daniel holds. The reasoning is contrary to that indulged in Vick v. State, 69 S. W. 156, as well as Morgan v. State, 18 S. W. 647; Moreno v. State, 180 S. W. 124; Manovitch v. State, 96 S. W. 1, and authorities there cited and discussed.

We agree with these authorities for it appears to us that when a county and state has been previously named in the same instrument, and when only one such county and state has been named, the expression "in said county and state" will refer to it unless it clearly indicates otherwise. The construction of this language determines the case. However, we refer to Ex Parte Richard Ryan (No. 21,603) this day decided by this court (page 65 of this volume) for a further consideration of other questions raised by the appeal.

The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant asserts that we erred in our original opinion in holding the complaint sufficient to charge that the offense was committed in Harris County. The complaint is set out in haec verba in our original opinion, and it shows the caption thereof as follows:

"The State of Texas,
"County of Harris."

This shows that the affidavit was made in Harris County and the statement in the affidavit "in said county and state" has reference to the place named in the caption. Consequently it charges that the offense was committed in Harris County. By reference to the caption it is made a part of the complaint. The case of Strickland v. State, 7 Tex. Cr. App. 34, supports the conclusion expressed by us in our original opinion. In that case the complaint is similar to the one in the instant case, and the same question was raised in that case as in the one now before us. The conclusion reached by the court in that case is, in our opinion, based upon sound reasoning.

Appellant cites us to the case of Freeman v. State, 88 Tex. Cr. R. 53, 224 S. W. 1087. In that case, Judge Davidson, speaking for the court, copied the complaint in his opinion in which there appears to be no caption. Consequently the words in the complaint, "in said county and state" do not refer to any county and state. If the complaint in that case had a caption, Judge Davidson may have overlooked it, as he made no mention thereof in the opinion. If it had no caption, his opinion is correct; but if it had a caption and he overlooked it, his opinion is not out of harmony with the Strickland case, supra.

Believing that the proper disposition was made of this case on the original submission, the appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.