HARRY WHITE V. STATE.

No. 25711. February 20, 1952.
Rehearing Denied April 2, 1952.

Hon. Langston G. King, Judge Presiding.

Peter P. Cheswick, Houston, for the state.

Sam W. Davis, Criminal District Attorney, Ben S. Morris, Assistant Criminal District Attorney, Houston, and George P. Blackburn, State's Attorney, Austin for the state.

MORRISON, Judge.

Appellant was found guilty by a jury as evidenced by the following verdict:

"We, the jury, find the defendant guilty as charged in the Indictment, and that he has been convicted previously of two felony cases less than capitol on which the judgment had become final.

"W. E. Brown,
"Foreman."

Based upon this verdict, the court adjudged the appellant guilty of attempted burglary and as an habitual criminal and sentenced him to confinement in the state penitentiary for life.

There are no bills of exception in the record, but it is the contention of the appellant that the habitual criminal statute which contemplates the conviction of the present felony and of two other felonies as provided in Article 63 of the Penal Code, cannot be based upon proof of three prior felonies; or in other words, that the accused must be proven to have committed two other prior felonies, and that proof of three prior felonies would vitiate the conviction. It is shown herein that

appellant was proven to have committed not only the present felony but three other felonies prior to this time. Appellant contends that he cannot be sentenced as an habitual criminal because of such fact and that this conviction should have been only of the presently charged offense. This contention is not sound. See Ex parte Bonds, 148 Tex. Cr. R. 198, 185 S.W. (2) 984.

The allegations in the indictment merely alleged a prior conviction in Cause No. 58677 on the docket of the Criminal District Court of Harris County, Texas, and a further final conviction in Cause No. 61921 on the docket of the same court, and that thereafter appellant committed the offense presently charged against him, same being Cause No. 65129 in the Criminal District Court No. 2 of Harris County, Texas.

We do find from the proof that these above two extra causes were not only alleged but proven, and while there may have been further causes proven in the case, the court did not utilize them in his charge to the jury but merely instructed them on the two prior convictions as above alleged.

The appellant took the witness stand and without objection testified to his criminal record, and among other things, he admitted his prior convictions as alleged in the indictment.

We see no error presented herein, and the judgment will therefore be affirmed.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant again contends that the evidence is not sufficient to support the conviction.

Mrs. Gressett, the occupant of the house in question, testified that she was resting on the floor of her residence between a bed and a chest of drawers on a hot summer afternoon; that, from where she lay, she could see the screen door leading into the back yard, which served both the residence and her tavern, constituting a part of the same building; that she heard someone cut the screen, looked up, saw appellant standing just outside her door, and observed that he was in the process of cutting the screen just above the latch. Mrs. Gressett testified that she called to appellant, asked him what he was doing, then

threatened to shoot him if he did not get away; whereupon, appellant left without answering her. She then called the police and, very shortly thereafter, identified appellant, who lived in the neighborhood.

Police officers investigating the incident testified that the screen door had been recently cut and that appellant, when arrested, had a knife in his pocket.

Appellant and one Jones, who was called as a witness in appellant's behalf, testified that together they had repaired to the back of the premises in question in order to purchase and consume a bottle of beer from the tavern.

Jones testified that, while they were so engaged, appellant left him and went in the direction of the door in question, which was out of Jones' view; that about five minutes later appellant came back "walking pretty fast," passed him and went on down the alley. Jones stated that Mrs. Gressett came out after appellant had left and asked him if he had seen anyone cutting her screen and required him to wait until the police arrived.

Appellant testified that, when he left his companion Jones, he had gone to a rest room and, in returning therefrom, had stumbled and fallen against the screen door in question; that he had not answered Mrs. Gressett's questions, and admitted that, in leaving the yard, he walked right past his companion Jones "and told him lets get away there is a lady in there lets get away from here."

We find the evidence sufficient to support the conviction of an attempt to commit burglary with intent to commit the crime of theft.

Appellant cites us Freeman v. State, 86 Tex. Cr. R. 331, 216 S. W. 878, as authority for his contention that the facts do not show that appellant intended to commit the crime of theft. The Freeman case is distinguishable from the case at bar in that the evidence in the Freeman case, supporting the conclusion that appellant intended to commit the crime of rape, was more persuasive than that he intended to commit theft. The statement made by appellant as he left his companion and the scene of the crime indicated surprise over the fact that someone was in the house, and thereby supported the conclusion that he had intended to steal while the owner was away.

Appellant contends that the indictment is fatally defective in that it fails to contain the allegation that the crime was committed in Harris County. The indictment alleges, omitting matters of substance, as follows:

"The Grand Jury of Harris County, Texas * * * do present that * * * in said County and State * * * did on or about * * * then and there attempt to break and enter a house then and there occupied * * *."

We think this was a sufficient allegation as to venue. Baggett v. State, 154 Tex. Cr. R. 618, 229 S. W. (2d) 801; and Heath v. State, 156 Tex. Cr. R. 563, 244 S. W. (2d) 815.

Appellant further complains of the order in which the prior convictions were plead in the indictment.

Recently, in Clifton v. State, 156 Tex. Cr. R. 655, 246 S. W. (2d) 201, in writing on the same question, we held the order of pleading unimportant so long as the requisite allegations appeared. There, we said:

"The indictment is not in the form suggested by Willson's Texas Criminal Forms. The difference herein is that the prior offense is charged first and then the primary offense is set forth, reciting the matters chronologically rather than in the sequence generally employed.

"The requisite element of such a charge is that it be shown therein that the person charged had, prior to the commission of the primary offense, been convicted in the prior case and that such conviction had become final.

\* \* \*

"We hold this indictment to be sufficient."

Appellant further contends that the indictment is fatally defective in that it does not allege that appellant intended to "steal." We do find the allegation "with the intent then and there to *fraudulently take* therefrom."

In McKinney v. State, 28 S. W. 816, we held "to charge a fraudulent taking, as was done in this case, sufficiently charges stealing * * *."

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.