August LOHSE, Appellant,

v.

The STATE of Texas, Appellee.

No. 37433.

Court of Criminal Appeals of Texas.

Jan. 6, 1965.

Rehearing Denied March 17, 1965.

Clyde Vinson, William C. McDonald, San Angelo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is rape; the punishment, five years.

No statement of facts accompanies the record.

Appellant's sole contention on appeal is that the indictment under which he stands convicted is void because (1) it does not allege venue—i. e., that the offense was committed in Tom Green County, Texas, and (2) it fails to charge an offense because it does not allege that he "unlawfully" committed the assault and rape upon the female.

Such contentions were urged by appellant in his motion to quash the indictment, which was by the court overruled.

The indictment reads, in part:

"THE GRAND JURORS, duly selected, organized, sworn and impaneled as such for *the County of Tom Green, State of Texas,* at the January term, 1963, of the 51st District Court of said County, upon their oaths present in and to said Court that on or about the 15th day of September, A.D.1962, and anterior to the presentation of this Indictment, *in the County and State aforesaid* August Lohse did, in and upon Johnnie Sue Hathcock, a female, *then and there* under the age of eighteen years, did make an assault, and the said August Lohse did *then and there* ravish and have carnal knowledge of the said Johnnie Sue Hathcock, the said Johnnie Sue Hathcock not being then and there the wife of said August Lohse; against the peace and dignity of the State." (Emphasis supplied.)

■ We find the allegations of the indictment sufficient to allege venue and to charge an offense.

The use of the words "in the County and State aforesaid" and "then and there," being words of reference in the indictment, after the county and state had been named, was sufficient to allege that the offense was committed in Tom Green County, Texas. See: Owens v. State, 162 Tex.Cr.R. 212, 283 S.W.2d 749, and cases therein cited.

■ The failure to allege that the assault and rape was "unlawfully" committed by appellant did not vitiate the indictment, as the state need not aver in express terms that the act charged was unlawfully done, where the facts alleged clearly show it to be unlawful. Veevers v. State, 172 Tex.Cr.R. 162, 354 S.W.2d 161. The facts alleged in the instant indictment show the act charged to be unlawful.

The judgment is affirmed.

Opinion approved by the court.