**Ex parte Abron HUNTER, III.**

**No. 63092.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 10, 1980.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P. On February 27, 1976, petitioner entered a plea of guilty to burglary of a habitation in the 185th District Court of Harris County. The court assessed punishment at ten years.

Petitioner contends that the trial court lacked jurisdiction to adjudicate his case. He maintains that the information upon which he was convicted is fundamentally defective because it fails to allege that the offense was committed in Harris County.

The information alleges as follows:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

"Comes now the undersigned Assistant District Attorney of Harris County, Texas, in behalf of the State of Texas, and presents in and to the _____ District Court of Harris County, Texas, that one * * *

"ABRON HUNTER, III

"hereinafter referred to as the Defendant, heretofore on or about January 19, 1976, did then and there unlawfully *************

"with intent to commit theft, enter a habitation not then open to the public, owned by John W. Nichols, hereafter styled the Complainant, without the effective consent of the Complainant.

"AGAINST THE PEACE AND DIGNITY OF THE STATE."

Art. 21.21, V.A.C.C.P., Requisites of an Information, provides in pertinent part:

"An information is sufficient if it has the following requisites:

". . .

"5. It must appear that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed. . . ."

The general rule with respect to allegations of the place of the offense is best stated in *Hodge v. State*, Tex.Cr.App., 527 S.W.2d 289, 292. In that case this Court held that an indictment charging the offense of burglary of a habitation was not required to state where within Harris County the offense was committed when it was alleged that the offense occurred in Harris County. It was noted:

". . . it is only necessary to allege the name of the county as the place where the offense was committed (1) if the offense may be committed anywhere within the county, (2) the place where committed is not an element of the offense, and (3) the court in which the offense is tried has county–wide jurisdiction."

In *Navarez v. State*, Tex.Cr.App., 503 S.W.2d 767, 769, the Court stated that "murder, burglary and theft are examples of offenses which may be committed anywhere within the county, and it is only necessary in such cases to allege that the offense occurred within the county." Furthermore, in *Edwards v. State*, Tex.Cr.App., 561 S.W.2d 834, 838, this Court again applied the rule set forth in *Hodge* and held that a burglary indictment was not fundamentally defective for failure to plead the locality of the offense beyond a recitation of the county in which the offense occurred. The allegation of the place of the offense has been held to be a matter of substance in charging documents. *Patterson v. State*, 84 Tex.Cr.R. 157, 205 S.W. 986; *Rowlett v. State*, 156 Tex.Cr.R. 44, 238 S.W.2d 781.

With respect to their use in charging instruments, the words "then and there" are words of reference as is the phrase "in the County and State aforesaid." *Lohse v. State*, Tex.Cr.App., 387 S.W.2d 389. In *Lohse* the defendant argued that the indictment for rape did not sufficiently allege the situs of the offense. There the indictment recited in pertinent part that the:

"Grand Jurors of Tom Green County, State of Texas . . . present . . to said Court . . . in the County and State aforesaid . . ."

The instrument went on to describe the offense using the words "then and there" in place of the name of the county. This Court held that such words or reference in the indictment after the county had been named were sufficient to allege that the offense occurred in Tom Green County. Also see, *Owens v. State*, 162 Tex.Cr.R. 212, 283 S.W.2d 749. Likewise, in *Moreno v. State*, 78 Tex.Cr.R. 82, 180 S.W. 124, it was found that the following information sufficiently alleged the place of the offense:

"In the name and by the authority of the state of Texas. M. W. Burch, county attorney of the county of Wise, state aforesaid, in behalf of said state, presents in the county court of said county, at the April term, 1915, of said court, that Matilde Moreno, on or about the 1st day of April, A. D. 1915, did then and there unlawfully carry on and about his person, a pistol, against the peace and dignity of the state."

The information in the instant case alleges that it was presented by a prosecutor of Harris County, Texas, to a district court within the same county and state. The information further alleges that the offense was committed "then and there." As in *Moreno,* we find that the words "then and there" relate back to the allegation that the "Assistant District Attorney of Harris County, Texas, . . . presents in and to the District Court of Harris County, Texas. . . ." We find that the information sufficiently alleged the place of the offense and complies with Art. 21.21(5), supra. This contention is without merit.

Petitioner next contends that his conviction is void because he was prosecuted by way of an information. He maintains that he did not waive his right to be tried under an indictment.

Art. 1.141, V.A.C.C.P., provides as follows:

"A person represented by legal counsel may in open court or by written instrument voluntarily waive the right to be accused by indictment of any offense other than a capital felony. On waiver as provided in this article, the accused shall be charged by information."

We have held that absent a valid waiver of trial by an indictment, a district court does not acquire jurisdiction in a felony prosecution. *Lackey v. State*, Tex.Cr. App., 574 S.W.2d 97. However, when the record reflects that the defendant waived his right to an indictment and such a waiver fully complied with the applicable statute, it is not error to try a defendant on a felony information. *Christiansen v. State*, Tex.Cr.App., 575 S.W.2d 42.

The record in the instant case contains an instrument styled "Waiver of Indictment." The instrument states that appellant is represented by counsel, understands his rights and waives prosecution by indictment. Petitioner and his attorney signed the waiver and it was approved by the court. Clearly, appellant's contention that he did not waive his right to be prosecuted by way of an indictment is not supported by the record.

Petitioner next contends that his conviction is invalid because he was not afforded an examining trial pursuant to Art. 16.01, V.A.C.C.P. Petitioner does not allege that such a proceeding was ever requested.

Petitioner waived his right to be tried by indictment on February 27, 1976. *The felony information herein was filed on the same day as the waiver of indictment.* Upon the indictment being waived and the information being filed, petitioner had no right to an examining trial. See, *McDonald v. State*, Tex.Cr.App., 513 S.W.2d 44. This contention is without merit.

Finally, petitioner contends that the information is invalid because it was not presented in a court having jurisdiction of the offense.

Art. 4.05, V.A.C.C.P., provides as follows: "District courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony, and of all misdemeanors involving official misconduct."

 The information herein recites that it was presented to the District Court in Harris County, Texas. Burglary of a habitation is a felony of the first degree. V.T.C.A. Penal Code, Sec. 30.02(d)(1). Clearly, the District Court had jurisdiction over the alleged offense.

The relief sought is denied.

ONION, P. J., dissents to the disposition of the first contention.