**Charles Edward TART, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–81–406CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 22, 1982.

Myrtle McKinzie, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

PRICE, Justice.

This is an appeal from a conviction for aggravated robbery. The jury found him guilty of the offense. Punishment, enhanced by allegation and proof of two prior convictions, was assessed at life. Appellant asserts five grounds of error, none of which challenge the sufficiency of the evidence. We affirm.

Appellant, in his first ground of error, argues that the record fails to show the authority of the retired judge who presided at the trial. Appellant maintains that the retired judge, the Honorable Ernest Coker, was specifically assigned by the Honorable Max Rogers, presiding judge for the second Administrative Judicial District, to the 232nd district court for a period of four weeks beginning July 5, 1981, and therefore he had no authority to hold a hearing or enter an order as judge of the 208th district court since he was not properly assigned to that court.

■ We find that appellant's ground of error represents an impermissible collateral attack upon Judge Coker's authority to preside at the trial. "It has been the consistent holding of this Court, as well as the courts of other jurisdictions, that a collateral attack upon the qualifications of a district judge, such as by habeas corpus, cannot be sustained. While he is in possession of the office under color of title, discharging its ordinary functions, a judge's official acts are conclusive as to all persons interested and cannot be attacked in a collateral proceding, even though the person acting as judge lacks the necessary qualifications and is incapable of legally holding the office." *Ex parte Lefors,* 171 Tex.Cr.R. 229, 347 S.W.2d 254 (1961) and cases cited therein. If the appellant desires to challenge such authority, he must bring a direct action through a quo warranto proceeding. *Keen v. State,* 626 S.W.2d 309 (Tex.Cr.App.1981). *See also Archer v. State,* 607 S.W.2d 539 (Tex.Cr.App.1980).

■■ In addition, Tex.Rev.Civ.Stat.Ann. art. 200a, § 5a (Vernon Supp.1981) provides in pertinent part:

> Retired district judges ... may be assigned under the provisions of this Act by the presiding judge of the administrative judicial district wherein such assigned judge resides, and while so assigned, shall have all the power of a judge thereof.

No formal order need be entered for the judge of one district court to preside over the case of a duly elected judge. *Buchanan v. State,* 471 S.W.2d 401, 404 (Tex.Cr.App. 1971); *Pendleton v. State,* 434 S.W.2d 694 (Tex.Cr.App.1968). Appellant would have us restrict the *Pendleton* holding to judges who serve in the same county and to assignments of active judges. We find no basis for such a restriction. Nor do we find the court's holding in *Buchanan* to be as narrow as appellant suggests, namely that even though that court did not make any distinction between duly elected judges and retired judges this court should find such a distinction to be implicit in that court's decision. Further, the court's presumption in *Buchanan* that a formal assignment had

been made in that case does not render it inapplicable to the case at bar simply because there was a showing that the retired judge had been assigned to the 232nd District Court. The presiding judge has the power to assign the judge of any of the courts to try any pending case or proceeding in any other of the courts. Tex.Rev. Civ.Stat.Ann. art. 200b, § 4(a) (Vernon Supp.1981). Contrary to the argument of appellant, we do not find anything in either article 200a or 200b that requires another formal assignment to the 208th District Court, when there was a valid assignment of Judge Coker to the 232nd District Court giving him all the powers of a judge thereof. In Harris County, the judge of any of the district courts may try and dispose of any causes, matters, or proceedings for any other judge of those district courts. Tex. Rev.Civ.Stat.Ann. art. 199a, § 2.002 (Vernon Supp.1981); *see also Gregory v. State,* 495 S.W.2d 891 (Tex.Cr.App.1973). Appellant's first ground of error is overruled.

■ In his second ground of error appellant argues that the indictment in one of the causes alleged for enhancement, cause number 111979, was fatally defective in that it failed to describe the property taken during the theft. Appellant's contention that "one automobile" constitutes an insufficient description has been answered adversely to him in *Ward v. State,* 446 S.W.2d 304, 306 (Tex.Cr.App.1969). Furthermore, the indictment of which appellant complains is not contained within the appellate record, but is attached to his brief. "It is well established that [the Court of Criminal Appeals] will not consider affidavits or other matters attached to appellate briefs." *Garrett v. State,* 566 S.W.2d 605, 609 (Tex. Cr.App.1978). *See also Holcomb v. State,* 523 S.W.2d 661 (Tex.Cr.App.1975). Appellant's second contention is overruled.

■ In ground of error three appellant asserts that the indictment in a second cause alleged for enhancement, cause number 149302, to which appellant had stipulated in the trial court is fatally defective in that it failed to specifically allege that the house burglarized was situated in Harris

County, Texas. The indictment alleges, omitting matters of substance, as follows: "... the Grand Jury ... ... do further present ... in said County of Harris and State of Texas ... the said CHARLES ALAN TART ... with the intent then and there to fraudulently take therefrom corporeal personal property therein being and then and there belonging to the said Edward Robinson ... without his consent and with the intent then and there to deprive ..." An indictment very similar to the one in the case at bar has been held to be a sufficient allegation as to venue. *White v. State,* 157 Tex.Cr.R. 171, 247 S.W.2d 396 (1952). "The use of the words 'in the County and State aforesaid' and 'then and there' being words of reference in the indictment, after the county and state had been named, was sufficient to allege that the offense was committed in [the county in question]." *Lohse v. State,* 387 S.W.2d 389, 390 (Tex.Cr. App.1965). *See also: Ex parte Hunter,* 604 S.W.2d 188 (Tex.Cr.App.1980). Therefore, the state properly alleged burglary occurred in Harris County, Texas, and the jurisdiction of the court was properly invoked. Appellant's third ground of error is overruled.

■ Appellant in his fourth ground of error, contends that the medical records of the complainant should not have been admitted because the testimony of the custodian of those records failed to satisfy the predicate of Tex.Rev.Civ.Stat.Ann. § 3737e (Vernon Supp.1981). The record reflects that the proper predicate was laid for the admittance of these records pursuant to the Business Records exception. The records were properly authorized. *Moton v. State,* 540 S.W.2d 715 (Tex.Cr.App.1976). Appellant's contention that the witness did not have personal knowledge of the contents of the records does not affect their admissibility. Appellant's fourth ground of error is overruled.

■ Appellant, in his fifth and final ground of error, maintains that his conviction in a cause used for the purpose of enhancement, cause number 149302, was void in that the cause number was for bur-

glary of a private residence at night, whereas the judgment for that cause reflected a conviction for burglary. At the outset, we note that appellant has attached to his brief a copy of the judgment. The judgment is not a part of the record because appellant stipulated to the conviction in the trial court. As we have previously stated, the judgment is not properly before this court for review. *Garrett v. State, supra* at 609. In any event, the indictment for the cause attached to the appellant brief indicates that the appellant was charged with two counts; in the second count he was charged with burglary of a residence at night time. The judgment does not support appellant's contention because it reflects that the State abandoned the second count of the indictment, the burglary of a residence at night time and appellant was tried only for the offense of burglary, which was the first count of the indictment. Appellant's fifth and final ground of error is overruled.

The judgment is affirmed.