SHIELDS et al. v. McCOY.

No. 2658.

Court of Civil Appeals of Texas.
Tenth District. Waco.

Jan. 17, 1946.

Rehearing Denied March 7, 1946.

807

E. T. Adams, of Glen Rose, for appellants.

B. Jay Jackson, of Granbury, for appellee.

HALE, Justice.

During the early part of the year 1945, appellant, W. W. Shields, acquired 66 acres of land in Somervell County. At that time there was an old public roadway adjoining the land on two sides and there was also a more recently established roadway extending somewhat diagonally across the premises. The new road was fenced and graded and had been used by members of the public for years. After purchasing the property appellant undertook to close the new road, it being his contention that the same was merely a private road. Appellee instituted this suit for the purpose of permanently enjoining appellant and his tenant from closing the new road, it being appellee's contention that the same was a public road. In response to special issues the jury found that appellant's predecessor in title had dedicated the strip of ground referred to as the new road to the use of the general public as a public road and the public had accepted such strip of ground for that use. Thereupon the court rendered judgment as prayed for by appellee.

Under appropriate points in his brief appellant contends that the evidence was insufficient to support the findings of the jury and, if so, that the dedication lapsed before its acceptance. He also contends that the pleadings and evidence were insufficient to support the judgment insofar as the description of the dedicated right of way is concerned. We have carefully considered all of the points, authorities and able arguments presented by appellant but have concluded from the entire record that no reversible error is thereby shown, for the reasons to be noted briefly.

The 66 acre tract was owned by one George McCoy for many years prior to his death. The old road which adjoined the tract on two sides was in bad condition and had been practically impassable for a long period of time. On account of sand, washes, drainage and the contour of the ground, it would have been difficult and expensive to put and maintain the old road in a good state of repair. On April 14, 1924, the Commissioners Court of Somervell County granted a petition of eight interested citizens to establish a new road of the second class in that vicinity and the new road was ordered opened.

J. C. McCoy testified in effect that he was elected county commissioner from that precinct in 1924 and served as such until 1928; that in his efforts to alter the road situation he talked with his uncle, George McCoy, who told him in substance that he could go through the 66 acre tract with the new road when he got ready to do so; that the finances of the county were such that he could not then completely lay out and construct the new road but he did do some work on the same during his four year tenure in office; that in 1939 he was again elected commissioner from that precinct; in the meantime his Uncle George had died but he again talked with Tuck McCoy (a son of his Uncle George) about the matter and immediately thereafter they staked off the new road and at the expense of the county they graded it, constructed a substantial four-wire fence with new posts on each side of the road and placed a stock gap under it so that stock might pass under the road from one side thereof to the other.

Without further statement from the record we hold that the evidence was sufficient to sustain the findings of the jury. Casey v. Jones, Tex.Civ.App., 189 S.W.2d 515, points 3–9, error refused; Tex. Jur., Vol. 14, p. 683 et seq. and authorities.

It will be noted that the jury did not find when the public accepted the land for use as a public road. In our opinion the evidence was sufficient to sustain a finding that the same was so accepted immediately upon its offer of dedication in 1924 because it was thereafter so used by

members of the public. But even though such dedication was not accepted until the year 1939, we cannot say as a matter of law from the record before us that it had then lapsed by expiration of time. There was no evidence to the effect that such offer of dedication was ever withdrawn or that any objection was ever interposed by anyone to such acceptance and use until appellant became the owner of the property in 1945. Tex.Jur., Vol. 14, p. 712, Sec. 22 and authorities.

Although the pleadings and evidence are somewhat vague and indefinite insofar as a correct legal description of the dedicated right of way by metes and bounds is concerned, we fail to see how appellant's legal rights have been in anywise prejudiced thereby. Appellant testified that he knew of the existence of the new road as it was fenced and graded at and prior to the time when he acquired the property. All of the witnesses were well acquainted with the location of the new road as it actually existed on the ground, even though none of them could give a correct legal description thereof by metes and bounds. There is no contention by appellant that the description as embraced in the judgment is in anywise at variance with the right of way as it is now graded and fenced. It thus appears to us that the minor irregularities complained of by appellant do not present any reversible error. Rule 434, T.R.C.P.

Therefore, all of appellant's points are overruled and the judgment of the trial court is affirmed.