**Pedro Cano GONZALEZ and Telles Bail Bonds, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 08-95-00292-CV.**

Court of Appeals of Texas, El Paso.

July 25, 1996.

Rehearing Overruled Sept. 11, 1996.

Discretionary Review Refused March 19, 1997.

Mark T. Davis, El Paso, Max Christenson, Odessa, for Appellants.

Jose R. Rodriguez, County Attorney, Hugh Emerson Coleman, Assistant County Attorney, El Paso, for Appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

### OPINION

BARAJAS, Chief Justice.

This is an appeal from the forfeiture of a bail bond in the amount of $1,000. We affirm the judgment of the trial court.

### I. SUMMARY OF THE EVIDENCE

On June 3, 1993, James T. Carter was appointed for a one year term of office as El Paso Jail Magistrate by the El Paso Council of Judges. On that same date, before Judge Sam Callan, he took the oath of office. Judge Carter also signed two oaths of office—an anti-bribery statement and the oral oath of office. After signing the oaths, he watched them be placed in an envelope for mailing in order to comply with constitutional filing requirements. It is unknown whether Judge Carter signed the oath of office and the anti-bribery oath before or after he was sworn in by Judge Callan.

On February 19, 1994, Pedro Cano Gonzalez ("principal") was arrested for a criminal offense. Judge Carter signed an order setting principal's bond at $1,000. On March 17, 1994, principal and Telles Bail Bonds ("surety") entered into a bail bond agreement, wherein they signed a bond payable to the State, conditioned on principal making his appearance at all settings before the Court in which the criminal charge was pending. Thereafter, principal failed to appear at arraignment, and Judge Carter issued a judgment nisi forfeiting the bond.

At the bond forfeiture hearing, surety asserted that Judge Carter did not have an oath of office or anti-bribery oath on file with the Secretary of State. Surety contended that because of this irregularity, the acts of Judge Carter were void. Subsequently, on March 31, 1995, Judge Carter mailed to the Secretary of State copies of his original oath taken on June 1, 1993. The Secretary of State later confirmed receipt and filed the oaths.

After hearing the evidence of the parties, the trial court made the following conclusions of law:

The manner in which Carter undertook the two required oaths does not seem to fully comply with all the requirements of Texas Constitution, Article 16, Section 1. Article 16, Section 1, requires that an appointed officer first files with the Secretary of State an anti-bribery statement. Once the anti-bribery statement has been filed the appointed officer may take the oral oath of office before any person qualified to administer an oath in the State of Texas. After the procedure of filing and taking the oaths of office is completed the appointed officer may then enter into duties of office in a de jure status. Since Carter failed to first file the anti-bribery statement before taking his oath of office, the subsequent taking of such oath was

484

premature. Without having fully complied with Article 16, Section 1, Carter entered into his duties as judge, including the signing of the bond order in this case.

Carter's attempt to take the oath of office, albeit flawed, was sufficient to clothe him with the authority of a de facto judge. Although the anti-bribery statement was not timely filed and the oath of office was therefore premature, both oaths were in fact taken and witnessed. Carter assumed office in an open and public manner, under color of authority. These factors satisfy the requirements for de facto judicial authority. Therefore, his order setting bond was valid and the bond arising therefrom is also a valid and binding undertaking.

## II. DISCUSSION

Appellant attacks the judgment of the trial court in a sole point of error, contending that the trial court erred in "finding that the oaths of office taken by Judge Carter were sufficiently in compliance with the Texas Constitution to give Judge Carter *de facto* judicial authority as a jail magistrate." We disagree.

A trial court's conclusions of law are always reviewable de novo. *Austin Hardwoods, Inc. v. James M. Vanden Berghe*, 917 S.W.2d 320, 322 (Tex.App.—El Paso 1995, writ requested); *see Sears, Roebuck and Co. v. Nichols*, 819 S.W.2d 900, 903 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Middleton v. Kawasaki Steel Corp.*, 687 S.W.2d 42, 44 (Tex.App.—Houston [14th Dist.], *writ ref'd n.r.e. per curiam*, 699 S.W.2d 199 (Tex.1985)). Incorrect conclusions of law will not require a reversal, however, if the controlling findings of fact will support a correct legal theory. *Valencia v. Garza*, 765 S.W.2d 893, 898 (Tex.App.—San Antonio 1989, no writ).

It is certain that the present effort to raise the question of Judge Carter's eligibility is by collateral and not direct attack. This is improper. "It is settled law that the right of a judge to the office in which he functions may not be attacked collaterally." *Snow v. State*, 114 S.W.2d 898, 900 (Tex.Crim.App. 1937) (quoting 25 Tex.Jur. 245); *see Germany v. State*, 3 S.W.2d 798, 800 (Tex.Crim. App.1928); *Lowe v. State*, 201 S.W. 986, 987 (Tex.Crim.App.1918); *Marta v. State*, 193 S.W. 323, 333 (Tex.Crim.App.1916) ("It is well settled by the courts of this and other states that the title of an incumbant (sic) to a judicial office cannot legally be questioned in a collateral proceeding...."); *Bennett v. State*, 181 S.W. 197, 199 (Tex.Crim.App. 1915); *Ex parte Tracey*, 93 S.W. 538, 541–42 (Tex.Crim.App.1905); *see also Saenz v. Lackey*, 522 S.W.2d 237, 240 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.) ("Where none of the plaintiffs are asserting a claim to the office challenged, as is the case presented by this appeal, the authorities in this State hold that a proceeding in quo warranto is the exclusive legal remedy afforded to the public by which it may protect itself against the unlawful occupancy of public office by an occupant.").

In the instant case, it is undisputed that Judge Carter was discharging the functions of his office under color of title. When a judge is holding office under color of title by appointment and discharging the duties of the office, his "acts are conclusive as to all persons interested and cannot be attacked in a collateral proceeding, even though the person acting as judge lacks the necessary qualifications and is incapable of legally holding the office."[1] *Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 854 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dism'd*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988); *Tart v. State*, 642 S.W.2d 244, 246 (Tex.App.—Houston [14th Dist.] 1982, no pet.). "If the appellant desires to challenge such authority, he must bring a direct action through a quo warranto proceeding."[2] *Tart,*

---

1. In *Miller v. State*, 866 S.W.2d 243, 246 (Tex. Crim.App.1993), the Court of Criminal Appeals found that special judges "are not office holders subject to quo warranto." The Court defined a special judge as "a person who serves as a judge in a particular case, but who is otherwise not a judge." *Id.* Thus, as Judge Carter does not fit within this definition, we find that he is not a "special judge."

2. The State is an indispensable party in a quo warranto proceeding, which must be brought in the State's name. *Lewis v. Drake*, 641 S.W.2d

642 S.W.2d at 246; *see also Keen v. State,* 626 S.W.2d 309 (Tex.Crim.App.1981); *Archer v. State,* 607 S.W.2d 539 (Tex.Crim.App. 1980), *cert. denied,* 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981). Accordingly, we overrule Appellant's Point of Error No. One.

Having overruled Appellant's sole point of error, we affirm the judgment of the trial court.

392 (Tex.App.—Dallas 1982, no writ). The basis for this rule of law is a matter of public policy: Public officers should be free to perform their duties without their authority questioned incidentally in litigation between other parties. They should not be called on to defend their authority unless a proper legal officer of the State has determined that the question raised is serious and deserves judicial consideration....

*Id.* at 395; *see Texaco, Inc.,* 729 S.W.2d at 854.