In re GENERAL ELECTRIC CAPITAL
CORPORATION, Relator.

No. 08–01–00350–CV.

Court of Appeals of Texas,
El Paso.

Dec. 6, 2001.

Rehearing Overruled Jan. 23, 2002.

Cynthia S. Anderson, Kemp Smith, P.C., El Paso, for Relator.

Javier Alvarez, Judge of the County Court at Law #3, Philip R. Martinez, Judge, 327th District Court, El Paso, for Respondents.

Marshall I. Yaker, El Paso, for Real Party-in-Interest.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

LARSEN, Justice.

General Electric seeks mandamus ordering the trial court to vacate its orders setting aside judgment and transferring the lawsuit, as the orders were signed after the court's plenary jurisdiction had expired. We conditionally grant the writ.

### Facts

On June 12, 1999, the Honorable Jack N. Ferguson, a retired county court at law judge, was assigned to preside in Cause No. 97–4273 of El Paso, Texas, *General Electric Capital Corporation v. Tracie Miller–Bunch v. Texas Office Machines.* In a letter dated July 7, 1999, Judge Philip Martinez, for whom Judge Ferguson was to preside, wrote a letter to the parties noting their approval of the substitution.

The case was tried to a jury, which found in favor of General Electric, and judgment was signed by Judge Ferguson on August 20, 1999. Miller–Bunch subsequently brought a motion for new trial on September 17, which was denied. On November 9, Miller–Bunch moved to set aside the judgment as void because Judge Ferguson had failed to take the required oath of office.

On June 1, 2000, Judge Martinez held a hearing on the motion to set aside judgment. Evidence was adduced at the hear-

ing that although Judge Ferguson had taken the anti-bribery oath on October 23, 1998, he had not filed it with the Secretary of State, as prescribed by the Constitution. (Subsequently, on August 9, 2000, Judge Ferguson filed his anti-bribery oath with the Secretary of State). Judge Martinez granted the motion to set aside judgment on March 12, 2001, and on March 13, 2001, signed the order to transfer the case to County Court at Law Number Three of El Paso County.

General Electric then brought this petition for writ of mandamus, arguing that the final judgment entered by Judge Ferguson was valid, that Miller–Bunch had waived complaint, and that the orders setting aside the judgment and transferring the lawsuit are void because the trial court's plenary jurisdiction had expired.

### Standard of review

■ We may only issue mandamus where there has been a clear abuse of discretion. As the Supreme Court noted in *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992), "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.* at 840.

■ If a trial court issues an order beyond its jurisdiction, mandamus relief is appropriate. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000). Where the trial court sets aside an order long after its plenary power has expired, that order is void. Mandamus relief is appropriate and no showing that there is no adequate remedy on appeal is necessary. *Id.*

### The anti-bribery oath

Miller–Bunch contended at hearing, first, that the anti-bribery oath and the

oath of office taken by Judge Ferguson varied fatally from those required by the Texas Constitution, and second, that he did not properly file the anti-bribery oath, also constitutionally required.

This Court determined in *Prieto Bail Bonds v. State,* 994 S.W.2d 316, 320 (Tex. App.—El Paso 1999, pet. ref'd), that a senior judge is an appointed officer subject to the requirements of Article XVI, section 1 of the Texas Constitution, that appointed officers take the following oath:

> I, _____, do solemnly swear (or affirm) that I have not directly or indirectly paid, offered, or promised to pay, contributed, or promised to contribute any money, or valuable thing, or promised any public office or employment, as a reward to secure my appointment or confirmation thereof, so help me God.

TEX. CONST. ART. XVI, § 1. This anti-bribery oath must be filed with the Secretary of State, after which the following oath must be taken:

> I, _____, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State, so help me God.

*Id.* It is these oaths that Judge Ferguson was charged with taking.

### Variations from the constitutional language

We turn first to the sufficiency of the oaths taken by Judge Ferguson, which Miller–Bunch urges were deficient. Certainly, there were variations between the oaths taken and those set forth in the Constitution. We must therefore examine whether those variations were so great as to render the oaths invalid.

Rather than tracking verbatim the anti-bribery oath as set forth in the Constitution, Judge Ferguson's oath was as follows:

> I, Jack Ferguson, Senior Judge/Former Judge of the County Court at Law # 3 Court, do solemnly swear or affirm that I have not directly or indirectly paid, offered, promised to pay, contributed, or promised to contribute any money or thing of value, or promised any public office or employment as a requisite to secure my statutory status as a Senior Judge or Former Judge who is subject to judicial assignment, or for the confirmation thereof.

In its response to the petition for mandamus, Miller–Bunch argues that this anti-bribery oath is "totally deficient." Specifically, Miller–Bunch focuses on the fact that Judge Ferguson's oath did not contain the "so help me God" ending. She argues that the phrase is a tenet of our country, contained in every oath required and administered in the State of Texas and the United States.

As authority for the proposition that a valid oath must end with the words "so help me God," Miller–Bunch cites *Crisp v. State,* 87 Tex.Crim. 137, 220 S.W. 1104, 1106 (1920). While it is true *Crisp* held that omission of the phrase invalidated an oath because the phrase was the "very heart of the obligation," this logic was set aside in *Craig v. State,* 480 S.W.2d 680, 684 n. 6 (Tex.Crim.App.1972) which held that the omission of the phrase from the oath administered to jurors was not enough to set aside a verdict of guilty rendered by the jurors. As the Court of Criminal Appeals explained in *Riddles v. State,* 46 S.W. 1058 (Tex.Crim.App.1898), more than a century ago, where an oath is required, a party may be allowed to affirm instead, unless the context would not allow such affirmation. *Id.* at 1060. The *Riddles* Court recognized that taking an oath to

God may violate certain religious beliefs. *Id.; see also Nicholson v. Board of Comm'rs of the Alabama State Bar Ass'n,* 338 F.Supp. 48, 57 (M.D.Ala. 1972) (holding that requiring a Bar applicant to take an oath ending with "so help me God" would abridge his right to a free exercise of his religious beliefs). *Cf. Oliver v. State Tax Comm'n of Missouri,* 37 S.W.3d 243, 253 (Mo.2001) (holding that an individual's reason for omitting reference to God is "none of the state's business").

■ Moreover, this understanding is reflected in TEX. CONST. art. I, § 5, which states, "[A]ll oaths or affirmations shall be administered in the mode most binding upon the conscience, and shall be taken subject to the pains and penalties of perjury." *See O'Hair v. White,* 675 F.2d 680, 694–95 (5th Cir.1982) (citing *Craig* for this proposition). Thus, a solemn pledge may be executed by a reference to God; however, it need not. *Oliver,* 37 S.W.3d at 245, 249, 252; *see also Eveleigh v. Conness,* 261 Kan. 970, 933 P.2d 675, 682–83 (1997) (interpreting *Kansas v. Seven Slot Machines,* 203 Kan. 833, 839, 457 P.2d 97 (1969), *cert. denied,* 396 U.S. 1037, 90 S.Ct. 682, 24 L.Ed.2d 681 (1970), and referring to the raising of the right hand and the swearing to God as "ceremony"). For these reasons, we conclude the "so help me God" ending is not an indispensable part of the oath.

■ Miller–Bunch next argues that Judge Ferguson's anti-bribery oath was deficient because it varied in other ways from the constitutionally prescribed language. Where the Constitution sets out that the official has not promised any "valuable thing" in exchange for his status, Judge Ferguson's oath referred to a "thing of value." And where the Constitution states that the official is not to use the valuable thing as a "reward" to secure his appointment, Judge Ferguson's oath referred to using the valuable thing as a "requisite" to secure his appointment. We find that the differences Miller–Bunch cites, if they can be characterized as differences at all, are merely semantic. The anti-bribery oath Judge Ferguson took was sufficiently similar to the oath set forth in Article XVI of the Texas Constitution to comply with its terms.

### Failure to file with the Secretary of State

■ Miller–Bunch also argues that the oaths were not valid because Judge Ferguson did not properly file his anti-bribery oath. We believe that the fact that the anti-bribery oath was not filed is not sufficient to render Judge Ferguson's oaths void. We find support for this proposition in *Soderman v. State,* 915 S.W.2d 605 (Tex. App.—Houston [14th Dist.] 1996, writ ref'd). There, the appellant argued that his arrest and its authorizing warrant were void because they were made without authority. *Id.* at 611. He based his argument in part on the fact that the judge who had signed the warrant had failed to file the anti-bribery oath before taking his oath of office. *Id.* Therefore, he argued, the oaths were invalid because they were late filed or not filed at all. *Id.* at 612. The court there held, however, that this was not enough to invalidate the judge's authority. *Id.*

Similarly this Court, in *Gonzalez v. State,* 938 S.W.2d 482 (Tex.App.—El Paso 1996, writ ref'd), noted that even a flawed attempt to take the oath of office may be sufficient. In *Gonzalez,* although the anti-bribery statement was not timely filed and the oath of office was premature, the oaths were in fact taken and witnessed. *Id.* at 484. In the present case, even though the anti-bribery statement was not timely filed, the oaths substantially complied with the constitutional provisions. Judge Fer-

guson's failure to file the anti-bribery oath was a procedural irregularity which, as we discuss below, required an objection before trial.

### Post-judgment objection

 Finally, we turn to the timing of Miller–Bunch's objection to Judge Ferguson in a motion to set aside judgment. The Court of Criminal Appeals noted in *Wilson v. State,* 977 S.W.2d 379 (Tex.Crim. App.1998), that generally the authority of a trial judge must be challenged pretrial:

> [A]ll but the most fundamental evidentiary and procedural rules (or 'rights') are forfeited if not asserted at or before trial. A timely objection in the trial court will afford both the trial judge and the State notice of the procedural irregularity and an adequate opportunity to take appropriate corrective action.

*Id.* at 380–81 (citation omitted). So, where one does not challenge the trial judge's qualifications pretrial, that party forfeits his right to complain of the judge's authority later unless the judge's actions are void. *Id.* at 381. Pursuant to this rule, Miller–Bunch should have made her objections to Judge Ferguson's qualifications pretrial.

We therefore find that Judge Ferguson had authority to preside over the trial here, and the procedural problems with his oaths were not subject to post-trial attack. Under Tex.R. Civ. P. 329b(e), the trial court has plenary power to vacate, modify, correct, or reform a judgment for only thirty days after all timely filed motions for new trial were overruled. Miller–Bunch's motion for new trial was denied on November 12, 1999. Therefore, the court's plenary power expired in December of that year. The judgment was not set aside until March 2001, long after the trial court had lost jurisdiction.

### Conclusion

We conditionally grant mandamus. We are confident that Judge Martinez will vacate his order of March 12, 2001. Mandamus will issue only if he fails to do so.