**Raul Martinez ESPINOSA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–02–00145–CR.

Court of Appeals of Texas,
San Antonio.

July 2, 2003.

Russell J. Augsburger, Law Offices of Russell J. Augsburger, San Antonio, for Appellant.

Daniel Thornberry, Asst. Crim. Dist. Atty, San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

Appellant Raul Martinez Espinosa was charged with a third offense of driving while intoxicated. Espinosa filed a pre-trial motion to quash, alleging that several of the officers involved in this and prior relevant proceedings had failed to take the anti-bribery oath as required by article XVI, section 1 of the Texas Constitution, thereby nullifying the case at hand. The trial court denied the motion subsequent to a hearing. Espinosa then entered a plea of *nolo contendere* and was sentenced to five years' imprisonment and a $1000 fine. Espinosa now appeals in three issues.

◼ In all three issues,[1] Espinosa claims the trial court abused its discretion in conducting the proceedings in question and admitting certain officer testimony when several officers involved, including a judge, two probation officers, and the arresting officer, had not taken and filed the anti-bribery oath as required by the Texas Constitution. TEX. CONST. art. XVI, § 1. Under the Texas Constitution, all appointed officers must sign an anti-bribery statement and file it with the Secretary of State before taking the oath of office. *Id.* Any

---

**1.** Espinosa directly addresses the officials' failure to take or file the anti-bribery oath in his first two issues. Although his third issue addresses the same complaint, it is not fully briefed under Texas Rule of Appellate Procedure 38.1(h). We therefore overrule the issue and address only Espinosa's arguments under issues one and two.

actions conducted in violation of this provision may be considered void. *See Davis v. State*, 956 S.W.2d 555, 558–59 (Tex.Crim. App.1997); *Prieto Bail Bonds v. State*, 994 S.W.2d 316, 318 (Tex.App.-El Paso 1999, pet. ref'd).

### Judge

■ Espinosa first complains that visiting Judge Pat Priest, who presided over his second prosecution for driving while intoxicated, failed to comply with the requirements of article XVI, section 1 of the Texas Constitution and thus acted without constitutional authority. The acts of a judge who is constitutionally disqualified may be considered void. *See Davis*, 956 S.W.2d at 558–59. A judge's disqualification arising from a constitutional or statutory provision "affects jurisdiction" and renders the proceeding a nullity. *Davis*, 956 S.W.2d at 559. We disagree with Espinosa's argument.

■ First, Espinosa improperly raised the issue of Judge Priest's failure to file an oath in a collateral rather than a direct attack. It is settled law that the right of a judge to the office in which he functions may not be attacked collaterally. *Snow v. State*, 134 Tex.Crim. 263, 114 S.W.2d 898, 900 (App.1937); *Gonzalez v. State*, 938 S.W.2d 482, 484 (Tex.App.-El Paso 1996, pet. ref'd). When a judge is holding office under color of title by appointment and discharging the duties of the office, his acts are conclusive as to all persons interested and cannot be attacked in a collateral proceeding, even though the person acting as judge lacks the necessary qualifications and is incapable of legally holding the office. *Gonzalez*, 938 S.W.2d at 484; *Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 854 (Tex.App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Tart v. State*, 642 S.W.2d 244, 246 (Tex.App.-Houston [14th Dist.] 1982, no writ). If the appellant desires to challenge such authority, he must bring a direct action through a *quo warranto* proceeding. *Gonzalez*, 938 S.W.2d at 484–85; *Tart*, 642 S.W.2d at 246. Therefore, Espinosa may not attack the qualification of Judge Priest in the present matter.

■ However, even if Espinosa's collateral attack stands, he must still prove that Judge Priest was disqualified under the Texas Constitution. Espinosa's second conviction for driving while intoxicated occurred on April 19, 1999, in the 144th Judicial District Court of Bexar County and was presided over by Judge Pat Priest, a retired judge who had been appointed as a visiting judge by Judge David Peeples. Judge Priest had retired on December 31, 1994 and was appointed by Judge Peeples on February 8, 1999.

■ The record shows that Judge Priest took the required anti-bribery oath on November 10, 1998, but failed to file the oath with the Secretary of State in a timely manner. The fact that the anti-bribery oath was not filed is not sufficient to render Judge Priest's oath void. The failure to file the oath with the Secretary of State does not vitiate the oath or deprive the judge of the authority to preside in a case. *In re Gen. Elec. Capital Corp.*, 63 S.W.3d 568, 571–72 (Tex.App.-El Paso 2002, pet. stricken); *Soderman v. State*, 915 S.W.2d 605, 612 (Tex.App.-Houston [14th Dist.] 1996, writ ref'd). Even though the anti-bribery statement was not timely filed, the oath substantially complied with the constitutional provisions, thereby rendering the failure to file insufficient to disqualify him. *In re Gen. Elec. Capital Corp.*, 63 S.W.3d at 571. Accordingly, we overrule Espinosa's complaint as to Judge Pat Priest.

### Probation Officers

■ Espinosa also claims that various law enforcement officers involved in his arrests and prosecutions failed to comply

with the requirements of article XVI, section 1 of the Texas Constitution.[2] He argues that because these officers were not acting under valid authority, all actions taken against him by these officers were null and void. Espinosa's attack on Officers L. Caesar Garcia and Dina Dutson, who participated in the revocation of his probation in his second driving while intoxicated case, 98–CR–3768, is a collateral attack rather than a direct one. In order to challenge their constitutional authority to act as police officers, Espinosa must show that his conviction in that case is void. *Galloway v. State,* 578 S.W.2d 142, 143 (Tex.Crim.App.1979). Espinosa has failed to do so.

■ In addition, a probated prior driving while intoxicated case is final for purposes of enhancement, making the qualification of the probation officer in any revocation proceeding irrelevant. Tex. P.Code Ann. § 49.09(d) (Vernon Supp.2003). We therefore overrule Espinosa's complaint as it pertains to the probation officers.

### Arresting Officer

■ Finally, Espinosa complains that the arresting officer in the instant case, Rene Ramirez, failed to comply with the requirements of article XVI, rendering the arrest invalid, any evidence collected after the arrest inadmissible, and the judgment void. *See* Tex. Const. art. XVI, § 1. Under Texas Rule of Appellate Procedure 25.2(b)(3), however, a defendant who pleads *nolo contendere* and is sentenced pursuant to a plea bargain may only appeal (1) rulings on pre-trial motions, (2) issues permitted by the trial court, and (3) jurisdictional matters. Espinosa's com-

plaint regarding Officer Ramirez does not fall into one of these appealable categories. Although Espinosa raised the issue of failure to take and file the article XVI anti-bribery oath in his pre-trial motion to quash, he failed to specifically address the conduct of Officer Ramirez. Espinosa, therefore, has failed to preserve his complaint as to Officer Ramirez, and this Court does not have jurisdiction over the appeal. *See* Tex.R.App. P. 25.2(b)(3).

For the aforementioned reasons, we overrule all of Espinosa's issues and affirm the judgment of the trial court.

---

**2.** In his brief, Espinosa complains of Officers L. Caesar Garcia, Dina Dutson, Marshall A. Owens, Dolores O. Martinez, and Veronica Robles' failure to take the anti-bribery oath. Because Espinosa did not raise his com-

plaints regarding the actions of Owens, Martinez, or Robles in a pre-trial motion, we do not have jurisdiction to hear this portion of his appeal. Tex.R.App. P. 25.2(b).