# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00763-CV

**Cynthia Johnson, Appellant**

**v.**

**Narissa Mohammed and Nicholas Mohammed, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 3 OF BELL COUNTY
### NO. 67,598, HONORABLE GERALD M. BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellees Narissa Mohammed and Nicholas Mohammed filed a forcible detainer suit in justice court against pro se appellant Cynthia Johnson, alleging she was occupying their property, had refused to sign a lease, had never paid any rent despite their demands, and had refused to vacate the property. The justice court signed a judgment in favor of the Mohammeds, and Johnson appealed to the county court at law. Johnson filed special exceptions, a motion for continuance, and a motion for sanctions and requested a hearing on her motions.[1] Johnson then filed an affidavit objecting to the county court's alleged refusal to set a hearing on her motions. No action was taken on Johnson's affidavit or motions, and the county court signed a judgment in favor of the Mohammeds, stating

---

[1] In her special exceptions, Johnson noted a number of misspellings and typographical errors, including that the petition recited that the property was located in "Prarrie Dell, Texas." The Mohammeds never amended their pleadings to correct the errors she pointed out, nor did they act to reschedule the trial when Johnson noted in her motion for continuance that the trial setting was less than forty-five days from the date of notice of the setting. *See* Tex. R. Civ. P. 245.

they had a right to possession of the property and awarding them $750 in attorney's fees. Johnson filed a motion to set supersedeas, an affidavit of inability to pay appellate costs, and an affidavit of net worth. The Mohammeds challenged Johnson's affidavit of indigence, the county court held a hearing and set supersedeas at $4,800, and Johnson deposited $4,800 in cash.

Johnson argues on appeal: (1) the justice court's judgment is void because the justice of the peace was not qualified for office, the judgment did not conform to the pleadings, and the justice court lacked jurisdiction to determine title to the property; (2) the county court's judgment is void because the judge was not qualified for office and the judgment did not conform to the pleadings; (3) the county court erred in entering a post-answer default judgment; (4) she did not receive forty-five days' notice of the trial setting; (5) her due process rights were violated by the county court's failure to inform her that she could ask for the appointment of a free attorney; (6) there was insufficient evidence to support the Mohammeds' claims; (7) her rights were violated by the county court's refusal to set her motions for hearings; (8) she is entitled to damages and costs; and (9) she is entitled to the return of her cash deposit. We modify the county court's judgment to delete the attorney's fee award and, as modified, affirm the county court's judgment.

### Are The County Court or Justice Court Judgments Void?

Johnson alleges that the justice court and county court judgments are void because both judges were unqualified for office, the judgments did not conform to the pleadings, the justice court granted relief on a claim not raised by the pleadings, and the justice court erroneously determined title to the property.

2

"A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990). Generally, if a court acts contrary to a rule, statute, or even a constitutional provision, the judgment is not void, but "voidable" or "erroneous." *Id.* "Fundamental error," which can be raised for the first time on appeal, is rare, found only when the trial court lacked jurisdiction or "the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas." *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982).

### *Qualification of Justice Court and County Court Judges*

First, we consider Johnson's argument that the judges were disqualified due to defects in their Oaths of Office and Anti-Bribery Oaths.[2] *See* Tex. Const. art. XVI, § 1. Even if we assume the oaths are defective, Johnson's complaints may not be raised for the first time on appeal.[3] *See In re General Elec. Capital Corp.*, 63 S.W.3d 568, 572 (Tex. App.—El Paso 2001, orig.

---

[2] Johnson asserts that the filed oath forms are invalid because they lack a clerk's seal or time of filing, vary in wording from the language in the constitution, or were not completed by a notary and that the oaths may not have been taken in the proper order or filed as required.

[3] Even if Johnson had timely raised her complaints, such defects do not disqualify the judges. *See Thomas v. Burkhalter*, 90 S.W.3d 425, 426–27 (Tex. App.— Amarillo 2002, pet. denied) (even if oath of office and anti-bribery oath were not filed with secretary of state, "that does not establish that they were not taken. Conceivably, they could have been taken and not filed. So, even if we were to judicially notice the contents of the Secretary's records and discovered no oaths, their absence does not prove they were never taken. And, most importantly, simply failing to file an oath that has been taken does not deprive the official of his authority."); *see also Espinosa v. State*, 115 S.W.3d 64, 66 (Tex. Crim. App. 2003) (failure to file anti-bribery oath did not disqualify judge); *In re General Elec. Capital Corp.*, 63 S.W.3d 568, 570–73 (Tex. App.—El Paso 2001, orig. proceeding) (phrase "so help me God" is not mandatory part of anti-bribery oath, other minor variations in language were "merely semantic," oath was "sufficiently similar" to constitutionally mandated oath, and failure to file with secretary of state was mere procedural irregularity).

proceeding) (all but most fundamental rights are waived if not asserted at or before trial); *see also*

*Espinosa v. State*, 115 S.W.3d 64, 66 (Tex. Crim. App. 2003) (judge's qualifications may only be

challenged directly "through a quo warranto proceeding"; if judge holds office under color of title,

judicial acts "are conclusive . . . and cannot be attacked in a collateral proceeding, even though the

person acting as judge lacks the necessary qualifications and is incapable of legally holding the office").

We overrule Johnson's issues related to the justice court and county court judges' qualifications.

### Do Judgments Conform To Pleadings?

Johnson further argues that the judgments are void because they address who was

entitled to possession of property located at "5473 Solana Ranch Rd., Salado, TX," while the

Mohammeds' petitions described the property as being located at "5473 Solana Ranch Road, Prarrie

Dell, Texas." Contrary to Johnson's assertion, the variances between the Mohammeds' petitions and

the courts' judgments do not render the judgments void.

In the justice court and the county court, the Mohammeds' pleadings stated that the

dispute was over possession of property:

> located at 5473 Solana Ranch Road, Prarrie Dell Texas described with more
> particularly as: AO76OBC J. SMITH,9.3 Acres 10.0 SN1 KBTXSN86210473 LABEL
> #TEX0382412 TITLE #00438663 all as described on the Bell CAD PROPERTY
> DETAILS ATTACHED AS EXHIBIT A, AND THE MAP AND PHOTOGRPH
> ATTACHED AS EXHIIT B AND LEGLAL DESCRIPTION ATTACHED AS
> EXHIBIT C.

(All errors in originals.) The exhibits attached to the pleadings were the same in both the justice

court and the county court. Exhibit A is the "Property Details" page from the Bell County Appraisal

4

District and gives the address as "5473 Solana Ranch Rd," in "Bell County Rural, TX," the "Salado A2 E2" neighborhood, with "AO76OBC J. SMITH, 9-3, ACRES 10.0, SN1 KBTXSN86210473; LABEL# TEX0382412, TITLE # 00438663" as the legal description. Exhibit B is a map of the property's location, including a hand-written explanation of where the "mobile house" is located, and an aerial photograph of the property. Exhibit C is a copy of the metes-and-bounds description of the land. Both judgments find in favor of the Mohammeds "for possession of the premises described in the Plaintiff's complaint, to wit: 5473 Solana Ranch Rd., Salado, Texas 76571."

Johnson asserts that the documents attached to the Mohammeds' complaint in justice court were not "valid parts" and were "merely items of evidence that must be properly submitted in a trial to be given any weight." However, the rules of civil procedure allow such documents to be attached to pleadings, *see* Tex. R. Civ. P. 59, and the documents were admitted into evidence at trial, *see National Med. Fin. Servs. v. Irving Indep. Sch. Dist.*, 150 S.W.3d 901, 905 (Tex. App.—Dallas 2004, no pet.) ("For exhibits to be considered at trial, they must be properly admitted as evidence, even if already attached to pleadings under rule 59.").

The fact that addresses in the area use "Salado, Texas" instead of "Prairie Dell, Texas" is explained by Narissa Mohammed's testimony before the county court, when she testified that the property description from the appraisal district correctly described the property and that the property was located "in Prairie Dell, a little—just south of Salado."[4] She said that the property's

---

[4] The Mohammeds' typographical error of "Prarrie Dell" does not render the judgments void. *See, e.g.*, *Westcliffe, Inc. v. Bear Creek Constr.*, 105 S.W.3d 286, 291 (Tex. App.—Dallas 2003, no pet.) (misspelling of defendant's name in petition does not render judgment void); *Mackechney v. Temple Lumber Co.*, 197 S.W. 744, 753 (Tex. Civ. App.—Beaumont 1917), *aff'd*, 228 S.W. 177 (Tex. 1921) (misspelling does not vitiate conveyance when boundaries or description are defined).

mailing address is "5473 Solana Ranch Road, Salado, Texas," that the property was not actually within the "corporate limits of the Village of Salado," that "Prairie Dell, Texas is what is known as an unincorporated village in the State of Texas," and that the property was "in the vicinity of Prairie Dell." Asked how far from the Village of Prairie Dell it was, she said, "From I-35, it's about like a mile or two in. It's right in Prairie Dell. It is across—sits on Solana Ranch Road."

The Mohammeds' exhibits clearly identified the property, Ms. Mohammed explained that the property is in the immediate vicinity of both Prairie Dell and Salado, and there is no indication in the record that Johnson, who lives on the property in question, somehow did not know what property was at issue. We overrule Johnson's argument that the judgments are void due to their variances with the property as described in the pleadings. *See Boone v. Panola Cnty.*, 880 S.W.2d 195, 196 (Tex. App.—Tyler 1994, no writ) (small variance in property description in judgment versus condemnation petition did not render judgment void, adequacy of petition's description need not be perfect, and "'slight element of misdescription' does not make a condemnation judgment void when 'consideration of the field notes contained in the petition of condemnation as a whole renders the location of the tract taken sufficiently certain to meet the requirements of the law'" (quoting *Roberts v. County of Robertson*, 48 S.W.2d 737, 738 (Tex. Civ. App.—Waco 1932, writ ref'd))); *see also AIC Mgmt. v. Crews*, 246 S.W.3d 640, 649 (Tex. 2008) (party contended that land description in tax petition was "a source of ambiguity and invalidity"; court held "the specification of acreage is the least reliable data point in descriptions of land 'and will be rejected if it is inconsistent with the actual land conveyed,'" and if deed records show property "clearly drawn on a map or described by metes and bounds, the less reliable references to acreage in the tax-suit

6

petition will not render the description ambiguous or insufficient" (quoting *Texas Pac. Coal & Oil Co. v. Masterson*, 334 S.W.2d 436, 439 (Tex. 1960))).[5]

### *Forcible Detainer vs. Forcible Entry and Detainer*

Johnson also contends for the first time on appeal that the justice court judgment is void because it "states it is for forcible entry and detainer . . . but the only cause of action pled is forcible detainer." Johnson did not raise this issue before either trial court and does not contend that she was prejudiced by the rendering of a judgment for forcible entry and detainer rather than merely for forcible detainer. *See Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979) (trial by consent rule has been applied to post-answer default cases and default judgment will stand if plaintiff alleges claim for which law provides relief with sufficient specificity to give defendant fair notice, even if legal conclusions would be subject to attack by special exception); *see also* Tex. R. Civ. P. 67 (issues not raised in pleadings may be tried by express or implied consent). Further, because the origin of Johnson's occupation of the property is unclear, the facts as alleged in the Mohammeds' pleadings could support a judgment for either forcible entry and detainer or forcible detainer, distinct causes of action that are often used interchangeably. *See* Tex. Prop. Code Ann. § 24.001 (West Supp. 2012) (forcible entry and detainer occurs if person enters real property without legal authority and refuses

---

[5] *See also Shields v. McCoy*, 192 S.W.2d 806, 808 (Tex. Civ. App.—Waco 1946, no writ) (in suit seeking to enjoin closing of road, defendant argued that pleadings did not sufficiently describe right of way, and court held, "Although the pleadings and evidence are somewhat vague and indefinite insofar as a correct legal description of the dedicated right of way by metes and bounds is concerned, we fail to see how appellant's legal rights have been in anywise prejudiced thereby. . . . There is no contention by appellant that the description as embraced in the judgment is in anywise at variance with the right of way as it is now graded and fenced. It thus appears to us that the minor irregularities complained of by appellant do not present any reversible error.").

to leave upon owner's demand), § 24.002 (West 2000) (forcible detainer occurs when tenant by right or by sufferance holds over after lease term and refuses to leave upon owner's demand); *Hopes v. Buckeye Ret. Co.*, No. 13-07-00058-CV, 2009 Tex. App. LEXIS 2244, at *3–5 & n.1 (Tex. App.—Corpus Christi Apr. 2, 2009, no pet.) (mem. op.) (petition's title was for forcible entry and detainer but prayer sought only forcible detainer judgment; court held that "for purposes of determining jurisdiction of the lower courts," difference was irrelevant and that "[a]ll we must determine is whether specific evidence of a title dispute, requiring resolution before the immediate right to possession can be decided, was presented to the lower courts"; court also noted that action must be for forcible entry and detainer because record lacked evidence of landlord-tenant relationship); *see also Yarto v. Gilliland*, 287 S.W.3d 83, 87 n.3 (Tex. App.—Corpus Christi 2009, no pet.) ("Though the term 'forcible entry and detainer' is often used to describe both an action for forcible entry and detainer and an action for forcible detainer, such a practice is incorrect."). We overrule Johnson's complaint that the justice court judgment is void due to a variance between the cause of action pled and the relief granted.

### *Did the Justice Court Determine Title to Property?*

Johnson also complains that the justice court judgment is void because the court lacked jurisdiction to adjudicate title to land. *See* Tex. Gov't Code Ann. 27.031 (West Supp. 2013) (justice court has jurisdiction over forcible entry and detainer cases but not over suits to try title to land). She argues that because the Mohammeds did not show that a landlord-tenant relationship existed, "the only conclusion that can be drawn is that an issue of title is the only issue that could exist between" the parties. We disagree.

8

Johnson did not assert title to the property in any of her pleadings, nor did she dispute the Mohammeds' claim of title. The Mohammeds produced evidence of their ownership of the land in the form of deeds and other land records. The only issue before either court was whether Johnson was wrongfully possessing the Mohammeds' land. *See Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.) ("Specific evidence of title dispute is required to raise an issue of a justice court's jurisdiction."). We overrule Johnson's assertion that the justice court's judgment was void because it improperly determined title to the property.

**Lack of Forty-Five Days' Notice and Refusal to Set Hearing**

In her fourth issue, Johnson asserts that the county court erred in rendering its judgment against her following a trial that was set only forty-four days from the date the clerk sent Johnson notice of the setting.[6] In her seventh issue, she argues that her rights were violated by the county court's refusal to set her motions for a hearing. Although we agree that it was error to set the case for trial with less than forty-five days' notice, Johnson did not preserve this issue for our review.

Rule 245 of the rules of civil procedure states that a trial court may set a contested case for trial "with reasonable notice of not less than forty-five days." Tex. R. Civ. P. 245. "However, Rule 245's notice requirement, while mandatory, is not absolute." *Franyutti v. Franyutti*,

---

[6] Johnson actually asserts that she was entitled to forty-eight days' notice, citing rule 21a. Rule 21a provides that if a party has the right to or is required to act "within a prescribed period after the service," she has an extra three days to act when notice is served by mail. Tex. R. Civ. P. 21a. That provision does not apply here, however, because Johnson was not given a specific task to complete, such as responding to a discovery request or filing a responsive document. Instead, the notice served merely to inform Johnson of the date trial would commence. Therefore, the court was required to give forty-five days' notice under rule 245. *See id.*

9

No. 04-02-00786-CV, 2003 Tex. App. LEXIS 9558, at *4 (Tex. App.—San Antonio Nov. 12, 2003, no pet.) (mem. op.); *see Hentnik v. Hentnik*, No. 04-03-00798-CV, 2004 Tex. App. LEXIS 6016, at *2 (Tex. App.—San Antonio July 7, 2004, pet. denied) (mem. op.). The 45-day notice requirement may be waived by the party's action or lack thereof. *See, e.g.*, Custom-Crete, Inc. v. K-Bar Servs., Inc., 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.); *In re J.(B.B.)M.*, 955 S.W.2d 405, 408 (Tex. App.—San Antonio 1997, no pet.); *State Farm Fire & Cas. Co. v. Price*, 845 S.W.2d 427, 432-33 (Tex. App.—Amarillo 1992, writ dism'd by agr.).

To preserve error for our review, the complaining party must raise the complaint before the trial court by way of timely request, objection, or motion and either obtain an express or implicit ruling or pursue the request until the trial court refuses to rule. *See* Tex. R. App. P. 33.1. Merely filing a motion with a trial court clerk does not establish that the motion was properly presented to the trial court. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see also In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (mere filing of motion without more does not allow inference that trial court was actually aware of it). A trial court is not required to consider or rule on a motion that has not been called to its attention. *Risner v. McDonald's Corp.*, 18 S.W.3d 903, 909 (Tex. App.—Beaumont 2000, pet. denied); *Greenstein, Logan & Co. v. Burgess Mktg., Inc.*, 744 S.W.2d 170, 179 (Tex. App.—Waco 1987, writ denied); *see Quintana v. CrossFit Dallas, L.L.C.*, 347 S.W.3d 445, 448-49 (Tex. App.—Dallas 2011, no pet.) (filing motion for continuance and setting motion for hearing was insufficient to bring motion to trial court's attention).

10

In this case, the county court clerk's notice of the November 3 trial setting was not sent until September 20, forty-four days in advance of the trial setting, and Johnson noted this error in her motions for continuance. She also filed an "Affidavit of Objection of Court Refusal to Set Hearings on Motions," in which she complained that the county court had not set a hearing for her motions for continuance or her special exceptions, despite multiple phone calls to the County Coordinator's Office and a written request for a hearing. However, she averred that during several of her calls, she was told that the motions would be heard "at the time of the trial on November 3, 2010," and she specifically stated that during one phone call, she was told, "[T]he Motion for Continuance will be heard the morning of the trial before the court."

Johnson asserts that the county court refused to set her motions for a hearing, but she is incorrect. Instead, the court set the motions to be heard prior to trial commencing on November 3, and Johnson failed to attend the hearing. Had she appeared to argue her motions, the trial date might have been reset, and the court might have agreed with at least some of Johnson's special exceptions. However, despite being told that her motions would be heard on November 3, Johnson did not appear, nor did she file a motion for new trial explaining her failure to appear or reasserting the error. As stated by our sister court, "We cannot countenance a party doing nothing to protect its rights and then complaining on appeal that its rights have been violated." *Balogh v. Ramos*, 978 S.W.2d 696, 699 (Tex. App.—Corpus Christi 1998, pet. denied); *see also Brown v. University of Tex. Health Sci. Ctr.*, 957 S.W.2d 911, 916 (Tex. App.—Tyler 1997, no writ) ("Brown was informed of the date of the hearing but failed to attend. By failing to appear for the hearing on February 13, 1995, Brown's opportunity to be heard was lost by his own inaction."). By failing to appear after being told that her

11

motion for continuance would be considered at the beginning of the November 3 setting, Johnson waived any error the trial court may have committed in setting the trial with forty-four days' notice. *See In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (error waived if record does not show motion for continuance brought to court's attention before final judgment rendered); *Burgess Mktg., Inc.*, 744 S.W.2d at 179 (record did not show motion for continuance was brought to court's attention). We overrule Johnson's fourth and seventh issues.

**Right to Appointed Counsel**

In Johnson's fifth issue, she complains that her rights were violated by the county court's failure to inform her of her right to appointed counsel in an eviction suit. *See* Tex. Gov't Code Ann. § 26.010(a), (e) (West Supp. 2012) (in eviction suit, on written application, county court may appoint attorney to represent party pro bono; court must "provide for a method of service of written notice on the parties to an eviction suit of the right to request an appointment of counsel on perfection of appeal on approval of a pauper's affidavit"). There is no indication that Johnson was given any notice that she had the right to ask for an appointed attorney, assuming there are attorneys in the Bell County area who have agreed to provide pro bono services in eviction cases. *See id.* § 26.010(a) (court may appoint "any qualified attorney who is willing to provide pro bono services in the matter or counsel from a list provided by a pro bono legal services program of counsel willing to be appointed"). However, Johnson did not raise this concern before the county court by pre-trial motion, by appearing and inquiring into obtaining an attorney at trial, or by filing any post-judgment motions. Therefore, she has waived any error associated with section 26.010 of the government code. *See Pirtle*, 629 S.W.2d at 920 (only fundamental error can be raised for first time on appeal).

12

**Sufficiency of the Evidence**

In her sixth issue, Johnson complains that the evidence is legally and factually insufficient to support the county court's judgment. Johnson attacks the evidence showing a landlord-tenant relationship, that she was given notice to vacate, that the Mohammeds have a superior right to possession, and that the Mohammeds are entitled to recover $750 in attorney's fees.

When a defendant answers a suit but then fails to appear at trial, the trial court may only render a default judgment if the plaintiff presents evidence supporting all essential elements of her claim. *See Stoner*, 578 S.W.2d at 682. The Mohammeds pled that Johnson had committed forcible detainer, and the county court rendered judgment that they were entitled to possession of the property. Thus, we must review the record to see if the Mohammeds presented evidence supporting the essential elements of the claim of forcible detainer—that Johnson refused to surrender possession of the property upon demand by the Mohammeds and that Johnson was a tenant at will or sufferance. *See* Tex. Prop. Code Ann. § 24.002(a).

At trial, the Mohammeds introduced into evidence a copy of the Assumption Warranty Deed giving Narissa Mohammed and Nicholas Mohammed ownership of the property and a copy of the Bell County property records entry for the property, showing the Mohammeds as owners. Ms. Mohammed testified that she and her brother owned the property and were deeded the property in August 2008. The record is sufficient to support a finding that the Mohammeds have a superior possessory interest than Johnson.

As for notice, the Mohammeds introduced into evidence three notices to vacate: a May 10 notice that was left on the gate of the property after a failed attempt to hand-deliver it, a

13

June 7 notice that was sent via certified mail to the mailing address Johnson uses in her judicial filings, and a June 28 notice, which they again attempted to hand-deliver. The May 10 notice was signed by someone "for Narissa Ann & Nicholas Mohammed" and was left attached to the front gate "because of dogs." Ms. Mohammed testified that it was her father who attempted delivery, stating that Johnson had put up no-trespassing signs and a gate, cutting off access to the property, and had approximately twenty-five dogs in the fenced yard area. The June 7 notice was sent via certified mail to Johnson's mailing address and was signed for by Pat Sickler. And finally, on June 28, Ms. Mohammed went herself to the property to attempt to hand-deliver the notice, accompanied by a constable. Johnson refused to accept or sign for the document, so Ms. Mohammed left it attached to the front gate of the property's fence, "in full view of Cynthia Johnson"; the constable signed the notice as a witness. The Mohammeds also introduced into evidence a photograph taken June 28 of Johnson standing at the gate, the notice visibly attached to the fence in front of her.

A property owner must give a tenant at will or sufferance at least three days' written notice before filing suit for forcible detainer. *Id*. § 24.005(b) (West Supp. 2012). If a dangerous animal "prevents the landlord from entering the premises to leave the notice to vacate on the inside of the main entry door, the landlord may securely affix the notice on the outside of the main entry door." *Id.* § 24.005(f). The Mohammeds filed their original petition in justice court on May 17, 2010, and the county court made a finding of fact that the May 10 notice was personally delivered to Johnson and that she refused to accept it.

Although Johnson complains that Ms. Mohammed's testimony about her father's delivery of the May 10 notice was improper because it was outside of her personal knowledge, that

14

attack was waived by Johnson's failure to appear and challenge the hearsay testimony before the county court. *See* Tex. R. Evid. 802 ("Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay."); *De La Garza v. Salazar*, 851 S.W.2d 380, 383 (Tex. App.—San Antonio 1993, no writ). Further, Johnson's refusal to accept the notice does not render it ineffective. *See Barnes v. Frost Nat'l Bank*, 840 S.W.2d 747, 750 (Tex. App.—San Antonio 1992, no writ) (noting distinction between unclaimed and refused mail and stating that if defendant was aware of certified mail and refused to accept it, "this would tend to show the defendant did in fact have notice"). The evidence is sufficient to show that Johnson received the required three days' notice of the suit. *See* Tex. Prop. Code Ann. § 24.005(b).

As for evidence of a landlord-tenant relationship, there is no explanation in the record of how Johnson came to live on the property. We cannot tell if she forcibly entered the property, held over after an earlier lease expired, or took over a lease from a tenant of a former owner of the property. Although there is no evidence about the origins of Johnson's occupancy, the facts as presented to the county court closely fit within this explanation by our sister court:

> There was no landlord-tenant relationship between [plaintiff] and [defendant] nor any forcible entry. Therefore, [plaintiff's] only theory of recovery was that [defendant] was a tenant by sufferance, i.e., an occupant at the time of foreclosure of a lien superior to the tenant's lease. A tenant at sufferance does not have privity with the landlord but is merely an occupant in naked possession after his right to possession has ceased.

*Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no writ); *see also ICM Mortg. Corp. v. Jacob*, 902 S.W.2d 527, 530 (Tex. App.—El Paso 1994, writ denied) (tenant at sufferance "is merely an occupant in naked possession of property" and "is not in privity with

15

the owner and possesses no interest capable of assignment"). Thus, to succeed on their claim, the Mohammeds had to show they were the owners of the property, Johnson was an occupant at the time they became the owners, their right to possession was superior to Johnson's, they made a demand for possession, and Johnson refused to leave. *See Goggins*, 849 S.W.2d at 377. As discussed earlier, the Mohammeds presented evidence of each of those elements, and the evidence is sufficient to support the county court's judgment in their favor.

Finally, Johnson attacks the sufficiency of the evidence supporting the county court's award of attorney's fees. She notes that the May 10 notice does not include a statement that she might have to pay attorney's fees if she did not vacate the property within eleven days. We agree.

A party to a suit in Texas may only recover attorney's fees if they are authorized by statute or a contract provision. *Intercontinental Group P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009). Section 24.006 of the property code provides:

> Except as provided by Subsection (b) [stating that if a lease provision allows for attorney's fees], to be eligible to recover attorney's fees in an eviction suit, a landlord must give a tenant who is unlawfully retaining possession of the landlord's premises a written demand to vacate the premises. The demand must state that if the tenant does not vacate the premises before the 11th day after the date of receipt of the notice and if the landlord files suit, the landlord may recover attorney's fees. The demand must be sent by registered mail or by certified mail, return receipt requested, at least 10 days before the date the suit is filed.

Tex. Prop. Code Ann. § 24.006(a) (West 2000).

The May 10 notice, the only notice given before the Mohammeds filed their suit, stated that Johnson had four days to vacate the property or be subject to a lawsuit seeking "back rent and costs of suit." It did not mention attorney's fees, was not sent by registered or certified mail, and

16

was sent only seven days before the justice court suit was commenced. To be entitled to attorney's fees, the Mohammeds were required to present evidence on each essential element of the statute authorizing attorney's fees, but on its face the notice to vacate does not satisfy the requirements of section 24.006. *See id.* Therefore, the county court erred in awarding attorney's fees. *See Washington v. Related Arbor Court, LLC*, 357 S.W.3d 676, 681-82 (Tex. App.—Houston [14th Dist.] 2011, no pet.). We sustain Johnson's complaint related to the $750 attorney's fees award.

## Conclusion

We have overruled all of Johnson's first seven issues on appeal, other than her challenge to the attorney's fees award. Because Johnson has not prevailed on her substantive attacks, she is not a prevailing party, and we need not address her remaining issues related to the cash she posted as supersedeas and whether she is entitled to costs and damages. We modify the county court's judgment to delete the award of attorney's fees and post-judgment interest. We affirm the judgment as modified.

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Modified and, As Modified, Affirmed

Filed: May 10, 2013

17